372 So.2d 1262 (1979)
Sam W. GOLTZMAN, Plaintiff and Appellee,
v.
Ronald Owen GOLTZMAN, in his capacity as President of General Export Iron and Metal Company of Louisiana, Inc., Defendant and Appellant.
No. 7058.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1979.
*1263 Kimball, McLeod & Dow, Robert L. Dow, Lake Charles, for defendant and appellant.
Joe J. Tritico and Alvin B. King, Lake Charles, for plaintiff and appellee.
Before CULPEPPER, SWIFT and DOUCET, JJ.
CULPEPPER, Judge.
The plaintiff, Sam Goltzman, filed this suit for a writ of mandamus to compel the defendant, Ronald Owen Goltzman, in his capacity as president of General Export Iron and Metal Company of Louisiana, Inc., to issue to plaintiff 12 shares of the corporation's stock. The defense is that a certificate for the 12 shares was issued to plaintiff and donated by plaintiff to defendant, his son. The district judge held that the certificate representing the 12 shares of stock was "defective" because it was not signed by the president and secretary of the corporation until after plaintiff delivered the certificate to defendant. Thus, the district court held that the purported donation of the stock was invalid since plaintiff did not own the stock at the time. From a judgment ordering him to issue 12 shares of the corporate stock to the plaintiff, defendant appealed.
We will first discuss two procedural issues urged by defendant: (1) Did the trial judge err in denying the exception of no cause of action? (2) Did the trial judge erroneously permit plaintiff to enlarge his pleadings by introducing evidence that the certificate was not legally issued? However, the principal issue is whether a certificate for the 12 shares has already been legally issued to plaintiff.

EXCEPTION OF NO CAUSE OF ACTION AND ENLARGEMENT OF PLEADINGS
In his original petition, plaintiff alleged that at a meeting on August 1, 1976, the Board of Directors of the corporation authorized the issuance of 12 shares to him for *1264 $1,200 which he had paid to the corporation on July 30, 1976, but that the corporation had refused to issue to him a certificate for the stock. Defendant filed an exception of no cause of action, to which he attached a photostatic copy of Certificate No. 004 for 12 shares of stock in the corporation issued in the name of Sam Goltzman, which certificate was transferred by Sam Goltzman to Ronald O. Goltzman by an endorsement dated April 12, 1977. Defendant argues that since this certificate shows the shares had been "issued" to plaintiff and transferred by him to defendant, plaintiff's petition does not state a cause of action.
We conclude the trial judge correctly denied the exception of no cause of action. Such an exception concedes for purposes of its trial the correctness of all well-pleaded allegations of fact. Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968). No evidence may be introduced at any time to support the exception of no cause of action. LSA-C.C.P. Article 931. Thus, for purposes of the exception, the certificate cannot be considered. In the present case, if we assume, as plaintiff alleges, that the 12 shares were authorized and paid for but never issued, plaintiff has stated a cause of action.
The issue as to enlargement of the pleadings arises because during the hearing the plaintiff commenced to offer evidence that the certificate representing the 12 shares had not been legally issued at the time of the donation because the certificate had not been previously signed by the president or the secretary of the corporation. The defendant objected to this evidence on the grounds that plaintiff had alleged only that the certificate had not been issued and had made no allegations that the certificate, if issued, was not legally issued. The trial judge overruled defendant's objection and admitted the evidence.
We agree with the trial judge that under plaintiff's allegations that the certificate was not issued, evidence was admissible to show that the certificate was not legally issued. If the shares had not been "legally" issued, they had not, in contemplation of law, been issued. Pleadings should be liberally construed to serve the ends of justice rather than technical niceties. LSA-C.C.P. Articles 865 and 5051. Evidence should not be excluded where it is admissible to prove any hypothesis included in plaintiff's alleged cause of action. Stanley v. Missouri Pacific Railroad Company, 179 So.2d 490 (La.App., 3rd Cir. 1965).

HAD THE STOCK ALREADY BEEN ISSUED TO PLAINTIFF?The central issue in this case is whether the shares of stock had already been legally issued to Sam Goltzman. The facts are that the corporation was organized in August of 1975. The charter authorized 2,500 shares of stock at a par value of $100 per share. The original incorporators, each of whom owned one share, were Ronald O. Goltzman, Murrell Holt and Grace Dent Kennedy.
At the meeting of the Board of Directors, composed of the three above named incorporators, held on August 1, 1976, a resolution was adopted authorizing the issuance of 12 shares of stock to Sam Goltzman for the sum of $1,200 with the sale to take place on or after January 1, 1977. On July 30, 1976, Sam Goltzman had paid to the corporation the price of $1,200 for the stock. Certificate No. 004 for 12 shares issued in the name of Sam Goltzman is dated January 1, 1977 and was delivered to him before that date, but Ronald O. Goltzman, the president, and Grace Dent Kennedy, the secretary-treasurer, did not sign the certificate until a later date.
The certificate shows on its face that on April 12, 1977, Sam Goltzman endorsed the certificate and transferred the 12 shares to his son, Ronald O. Goltzman. Although the trial judge states in his written reasons that the date of this transfer, which was actually a donation, was on or about April 12, 1977, the evidence shows clearly that the actual date on which Sam Goltzman delivered the endorsed certificate to Ronald O. Goltzman was June 1, 1978. On that date, Sam Goltzman had consulted his attorney as to the *1265 procedure necessary to transfer the certificate to his son. Plaintiff's attorney advised that plaintiff should endorse the certificate, then have the president and the secretary of the corporation sign the certificate, as they had not yet done so. Pursuant to these instructions from his attorney, Sam Goltzman went to the office of the corporation on June 1, 1978 and delivered the endorsed certificate to his son. Then Ronald O. Goltzman as president and Grace Dent Kennedy as secretary-treasurer of the corporation signed the certificate in plaintiff's presence, and defendant kept the certificate.
As stated above, the trial judge held that since the certificate had not been signed by the president and by the secretary of the corporation at the time plaintiff delivered it to defendant, the certificate was defective, plaintiff owned no stock, there was no transfer of stock and plaintiff was entitled to a writ of mandamus. We cannot agree.
A properly executed certificate of stock should contain the signatures of the corporation's president and secretary. LSA-R.S. 12:57(A) states:
"A. Every shareholder shall be entitled to a certificate of stock signed by the president and secretary, or by such other officer or officers of the corporation as the articles or by-laws may provide."
However, a certificate is not the actual shares of stock which are the subject of ownership, it is merely evidence of the ownership of stock. Succession of McGuire, 151 La. 514, 92 So. 40 (La.1922); Finn v. Ponsaa, 308 So.2d 352 (La.App., 4th Cir. 1975).
LSA-R.S. 12:1(F) states:
"F. `Certificate of stock' means a properly executed instrument evidencing the fact that the person therein named is the registered owner of the shares therein described."
Under the above principles of law, it is clear that at the time Sam Goltzman endorsed and delivered the certificate to his son, he owned 12 shares of stock in the corporation. However, he did not have a valid certificate as evidence of ownership of the stock, because the certificate had not been signed by the corporation's president and secretary. Nevertheless, under LSA-R.S. 12:57(A), Sam Goltzman had a right to demand from the corporation that these missing signatures be provided, and he did so. And, when the president and the secretary signed the certificate in plaintiff's presence, all ministerial acts necessary to evidence legal issuance of the certificate to plaintiff were complete. The fact that the certificate had previously been endorsed and delivered by plaintiff to his son, cannot nullify the signatures of the officers secured on plaintiff's request.
We conclude the defendant, as president of the corporation, has already performed all ministerial acts required of him to issue to plaintiff a certificate for the stock purchased by plaintiff from the corporation. Plaintiff is not entitled to another certificate.
Although counsel have argued in their briefs the issue of the validity of the donation of the stock, we conclude that question is not before us. Plaintiff prays only for a writ of mandamus ordering defendant, as president of the corporation, to issue twelve (12) shares of stock to plaintiff. We find the stock has already been issued to plaintiff, and the writ must be denied. Neither plaintiff nor defendant (personally) seek in these proceedings to be recognized as owner of the stock.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of defendant dismissing plaintiff's suit at his cost.
REVERSED AND RENDERED.