DOMENGEAUX, Judge.
This damage suit arose out of a head-on collision between an eighteen wheeler and an automobile which occurred on Louisiana Highway 3110 (commonly referred to as the Natchitoches By-Pass) in Natchitoches Parish, Louisiana. Plaintiff-appellee, Darlene Delrie (the automobile driver), seeks damages from defendants-appellants, Jackie Wayne Hicks (the truck driver), and Transport Insurance Company (the liability insurer of the truck), resulting from injuries she sustained in said accident. The trial court rendered judgment against defendants and in favor of plaintiff for $1,454.85, together with legal interest and costs. We affirm.
The accident occurred on April 5,1981, at approximately 3 o’clock A. M. on Louisiana Highway 3110, a two-lane paved highway running north and south just outside the City of Natchitoches. Immediately before the accident occurred, plaintiff was traveling north on the highway and defendant Hicks was approaching her heading in a southerly direction. The vehicles collided one and one-half feet from the highway center line in the northbound lane. We recount the testimony regarding the incidences leading up to impact in order to reveal the total circumstances under which the accident at issue on appeal occurred.
Plaintiff and her guest passenger, Donna Wimmer, both testified that around 9 P.M. the previous evening, they left Miss Wim-mer’s home to go out dancing and drinking. At around 3 A.M. they decided to call it a night and departed the Home Plate Bar to plaintiff’s vehicle. According to plaintiff and Miss Wimmer, as they left the parking lot onto Louisiana Highway 3110 they turned right into the nearside lane heading north. Plaintiff testified that as she left the Home Plate parking lot she noticed an eighteen wheeler further up the road heading south. After traveling a short distance, plaintiff realized that the oncoming eighteen wheeler had crossed partially into her lane, but before she could do anything they collided. Both plaintiff and Miss Wimmer stated that upon leaving the parking lot they turned into; the northbound lane, and at no time did plaintiff’s vehicle cross the center line of the highway into defendant’s lane of traffic.
Defendant Hicks, on the other hand, testified that as he approached this particular strip of highway, he noticed the presence of several all night business establishments, and accordingly, he reduced his speed to about 45 miles per hour. As he proceeded, he noticed plaintiff’s vehicle at a distance leaving the Home Plate parking lot turning north. He testified that as plaintiff entered the highway, she crossed the northbound lane and entered the southbound lane and veered slightly to the shoulder of the road. According to Mr. Hicks, it appeared that plaintiff was going to his right and headed in the direction of the Cotton Patch Restaurant or the Amoco Service Station, both of which are located on the western side of the highway. Mr. Hicks claims he continued to slow his vehicle, but did not stop since plaintiff had moved to *358 the west shoulder of the road on his right side. Mr. Hicks further claims that as he approached the plaintiff’s vehicle, which was on the west shoulder, he veered to the left in order to clear plaintiffs vehicle when, suddenly and without warning, plaintiff cut back across his lane directly into his path. Consequently, he was forced to slam on his brakes and subsequently collided with plaintiff’s vehicle one and one-half feet to the left of the centerline of the highway.
Officer John Pueblo of the Natchitoches Police Department investigated the accident. His findings verify that the accident occurred one and one-half feet inside plaintiff’s lane of traffic. He testified that upon investigating the scene of the accident he could not find any evidence which would indicate that plaintiff’s vehicle ever entered the southbound lane of traffic. Officer Pueblo further stated that he smelled alcohol on plaintiff’s breath.
A blood alcohol test was performed on plaintiff at approximately 5 A.M. Doctor George McCormick, II, an expert in forensic pathology testified concerning the results and significance of this test. He estimated that according to the results, plaintiff’s blood alcohol level was approximately .190 to .195 at the time of the accident. According to Doctor McCormick, plaintiff’s intoxication significantly impaired her ability to drive her vehicle.
The trial judge held that the negligence of Mr. Hicks was the sole legal and proximate cause of the accident. He concluded that all the evidence clearly showed that the point of impact was in the northbound lane properly occupied by plaintiff. The trial judge went on to hold that this finding shifts the burden of proof to defendants to explain Mr. Hicks’s invasion of the northbound lane. The trial court found the defendants failed to discharge their burden satisfactorily since plaintiff’s evidence in regard to how the accident occurred was at least as convincing as defendants’. Plaintiff’s alcohol consumption was rejected by the trial court as a causative factor. The trial court opined that even assuming plaintiff was intoxicated, such intoxication was clearly not a proximate or legal cause of the collision.
Defendants specified that the trial court committed manifest error in holding Mr. Hicks guilty of negligence, and in failing to find plaintiff guilty of contributory negligence, by reason of her intoxication or other activities, which negligence would act as a bar or reduction in her damages. We disagree.
It is well settled in Louisiana that when a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane was negligent, and that the burden is on him to exculpate himself of any fault, however slight, contributing to the accident. Simon v. Ford Motor Company, 282 So.2d 126 (La.1973).
After analyzing all of the evidence, the trial court found that defendant Hicks failed to exculpate himself of any fault. Our review of the evidence indicates that the testimony was conflicting. The trial court’s factual determination will not be disturbed on appeal unless a review of the record reveals that the decision is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). When there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Canter v. Koehring Company, supra. We find no manifest error on the part of the trial judge in concluding that defendant Hicks failed to absolve himself from fault.
We pretermit a determination of whether the plaintiff was actually intoxicated at the time of the accident, and, if so, the extent of her intoxication. Our law is well settled that the defendant, who bears the burden of proving contributory negligence, must prove by a preponderance of evidence that the driver’s intoxication was a *359 substantial factor contributing to the accident. Marcotte v. Travelers Insurance Company, 258 La. 989, 249 So.2d 105 (1971). The trial judge in his reasons for judgment addressed the issue of plaintiff’s contributory negligence as follows:
“Defendant sought to make much of plaintiff’s alleged intoxication. The Court is not required to make any determination as to whether or not plaintiff was under the influence of intoxicants, because even if it be assumed that she was, in fact, intoxicated, the Court finds that such intoxication was clearly not a proximate or legal cause of the collision.”
Although if faced with the same set of circumstances we may have come to a different conclusion concerning plaintiff’s contributory negligence, upon close review of the record, we cannot say that the able trial judge was clearly wrong in failing to find any actionable negligence on the part of the plaintiff. Obviously, the trial judge was more impressed with the testimony of plaintiff and her guest passenger concerning the events which led up to the accident. Such a determination is well within his discretion and will not be disturbed on appeal. See Canter and Arceneaux, supra.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.