414 So.2d 832 (1982)
GRIMALDI PLUMBING & HEATING COMPANY, INC.
v.
Alvin DOUCETTE.
No. 12184.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
*833 George R. Simno, III, New Orleans, for plaintiff-appellant.
Usry, Leefe, Weeks & Roniger, Richard K. Leefe, and Guy L. Leefe, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, GARRISON and BARRY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court granting plaintiff damages in the amount of $2,600.00, plus legal interest from the date of judicial demand and costs. From that judgment, plaintiff has appealed, arguing that the trial court erred in failing to award $5,310.33.
Alvin Doucette was building a house at 3322 N. Johnson Street. The house in question was Doucette's private project and not affiliated with his employment as a construction supervisor for a general contractor, Gay Leefe. Nonetheless, when Leefe asked Doucette to discharge Blue Line Plumbing from the Johnson Street job because certain problems had developed between Leefe and Blue Line, Doucette complied. At this time, the plumbing construction was roughly 1/3 completed and Doucette had paid Blue Line approximately 50% of their bill for the job, or about $1,400.00. Doucette told Leefe that he needed a plumber to complete the job. Leefe contacted a representative of Grimaldi and set up a meeting attended by the three of them. Grimaldi agreed to finish the plumbing job for Doucette. Although both Leefe and Doucette asked Grimaldi for a price on a number of occasions, the response was always "Don't worry, we'll take care of you." When the job was finished, Grimaldi presented a bill for $5,310.33 to Doucette. Doucette contested the amount of the bill, agreed to pay $4,000.00 and then stopped payment on the check. This litigation ensued.
It is well settled that where there is a contract without fixed price the price is determined as that which is reasonable in light of community custom and equity between the parties. C.C.Art.1903, 1965; Lee v. National Cylinder Gas Co., 58 So.2d 568 (La.App. 4th Cir., 1952); Gilly v. Henry, 8 Mart. (O.S.) 402 (La., 1820); 1 J. Domat, The Civil Law in Its Natural Order, 169-70 (W. Strahan transl. L. Cushing ed., 1853).
At trial, Doucette's expert, Donald Ziegler, testified that Grimaldi's bill was both unreasonable and excessive in light of current costs in the residential construction area. Grimaldi, who is a commercial contractor, testified that they have not done residential construction since 1957 and that they used union labor at higher labor costs rather than the non-union labor normally used in residential construction. Grimaldi further testified that their bill was formulated as follows:
1. Their cost of materials, plus 30%.[1]
2. Total labor costs per manhour of laborers, apprentices, journeymen, plus all fringes, plus 20-30% override on all manhours fixed as the construction supervisor's labor costs.
3. Numbers 1 and 2 above are totaled; then, 15% of the total is added on as overhead.
4. 10% to 20% is then added on top of the total of Number 3 as profit.
Mr. Ziegler further testified that Grimaldi's invoices showed orders for types of supplies that could not possibly have been used in this job, excessive supplies, excessive numbers of men on site and an excessive number of hours. The expert further testified as to what he estimated the cost of the job would be as $3,161.42. The trial judge, concluding that the job was 1/3 completed at the time that Grimaldi took over, awarded roughly 2/3 of this amount, plus a little over $400.00 to Grimaldi for any additional problems they encountered in taking over from another plumber.[2]
On appeal, we cannot conclude that the trial judge was either manifestly erroneous *834 under Canter v. Koehring Co., 283 So.2d 716 (La., 1973), abused his discretion under Arceneaux v. Dominguez, 365 So.2d 1330 (La., 1978), or ascribed to an erroneous interpretation of law.
The trial judge provided that legal interest run from the date of judicial demand instead of from the date of final judgment. As this is a case in which the claim is unliquidated until such time as judgment is rendered, legal interest runs only from the date of the judgment. Sugar Field Oil Co. v. Carter, 214 La. 586, 38 So.2d 249 (La., 1949); Liwerant v. Elwin Corp., 206 So.2d 766 (La.App. 4th Cir., 1968).
For the reasons discussed, the judgment of the district court is amended as follows, and, as amended, is affirmed:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Grimaldi Plumbing & Heating Co., Inc., and against defendant, Alvin Doucette, in the full sum of $2,600.00, together with legal interest thereon from March 13, 1980 until paid, and for all costs of these proceedings.
AMENDED AND AFFIRMED.
NOTES
[1] The 30% markup was not charged against Mr. Doucette.
[2] There is testimony that some of the fixtures needed to be redone.