441 So.2d 61 (1983)
STATE of Louisiana, In the Interest of Keith O'Neal MILES.
No. 83-456.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
*62 Carl Koehler, Alexandria, for defendant-appellant.
T. Gerald Henderson, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
FORET, Judge.
The State brought this action to terminate the parental rights of Geraldine Miles with respect to her four-year-old son, Keith Miles.
The Alexandria City Court (acting in its capacity as a juvenile court) rendered judgment terminating Mrs. Miles' parental rights.
Mrs. Miles appeals and raises the following issues:
(1) The trial court erred by allowing in evidence certain testimony given by Dr. Dan Lonowski concerning psychological testing he had conducted on Mrs. Miles approximately two and one-half years prior to the hearing conducted to determine if her parental rights should be terminated.
(2) The trial court erred in applying an incorrect burden of proof by failing to require the State to prove by clear and convincing evidence that Mrs. Miles is unfit to retain parental control over Keith and that she has no reasonable expectation of reformation.
(3) The State failed to show compliance with LSA-R.S. 13:1601(G)(1).

FACTS
The record contains a statement of facts prepared by the trial court and the district attorney's office in compliance with LSA-C.Cr.P. Article 892, prior to its amendment in 1982. The following information is contained in that statement:

*63 "On June 13, 1980, the minor child of Geraldine Miles, Keith Miles, DOB: 2-20-79, was admitted to Huey P. Long Hospital, Pineville, Louisiana, with multiple insect bites all over his body and two old circular burns which appeared to be cigarette burns. On July 23, 1980, the child was seen again at Huey P. Long Hospital with fresh cigarette burns on his chest, multiple scratches, a fractured forearm at least seven to fourteen days old, belt marks on his back and marks on his neck resembling rope burns. The child at this time was very withdrawn and had little affect.
Subsequently, the Alexandria Child Protection Agency and the Alexandria Police conducted an investigation which developed witnesses who indicated they had seen the defendant Miles burn the child with a cigarette on several occasions, beat the child with a stick and belt leaving whelps [sic] and bruises. Another witness stated that she had seen the child tied up in a sheet on the floor for "being bad". The defendant Miles appeared in court for arraignment with her retained counsel, Mr. Kenneth Rodenbeck, on October 22, 1980, and entered a plea of not guilty to the bill of information charging her with Cruelty to a Juvenile. The Trial was set for December 8, 1980. During trial, the defendant Miles was represented by Mr. Kenneth Rodenbeck before a jury of six (6) people. On December 10th, the jury returned a verdict of guilty of Cruelty to a Juvenile against the defendant Miles. A pre-sentence investigation was then ordered by District Court Judge Richard Lee and sentencing was set for March 18, 1981.
On March 18, 1981, the defendant Miles was present in Court with her Attorney Mr. Kenneth Rodenbeck and received a sentence of five (5) years to the Louisiana Department of Corrections." (Emphasis ours.)

DOCTOR LONOWSKI'S TESTIMONY
Mrs. Miles contends that the testimony of Dr. Lonowski[1] regarding certain psychological testing he had conducted on her should not have been allowed in evidence because the testing had been performed approximately two and one-half years prior to the hearing on the State's petition to terminate her parental rights. She argues that said testimony was irrelevant.
For evidence to be relevant, it must have some probative value and be reasonably connected to the transaction in question. Associates Financial Services Company, Inc. v. Ryan, 382 So.2d 215 (La. App. 3 Cir.1980); Vignes-Bombet Company, Inc. v. Rowe, 288 So.2d 889 (La.App. 1 Cir. 1973). Evidence should not be excluded where it is admissible to prove any hypothesis included in plaintiff's alleged cause of action. Associates Financial Services Co., Inc. v. Ryan, supra; Goltzman v. Goltzman, 372 So.2d 1262 (La.App. 3 Cir.1979). Finally, the trial court is granted a great deal of discretion in assessing the probative value of evidence. City of Baton Rouge v. Tullier, 401 So.2d 422 (La.App. 1 Cir.1981), writ denied, 406 So.2d 605 (La.1981).
Dr. Lonowski testified that he examined Mrs. Miles on July 28, 1980, at the request of the Alexandria Child Protection Center. At that time, an investigation was being conducted into the alleged abuse of Keith by Mrs. Miles. This psychological examination revealed that Mrs. Miles was suffering from a severe personality disturbance. Dr. Lonowski stated that such individuals usually resist treatment for their mental illness.
Dr. Lonowski then testified that he had read certain reports submitted to him by officials of the penal institution where Mrs. Miles was incarcerated. These reports confirmed Dr. Lonowski's diagnosis, and also revealed that Mrs. Miles was resisting treatment for her condition. After persistent questioning by defense counsel, Dr. Lonowski reluctantly opined that with "optimum treatment" Mrs. Miles had a 50/50 chance of becoming a fit parent.
*64 It is clear that the testimony of Dr. Lonowski regarding his psychological examination of Mrs. Miles in 1980 was relevant to the issues before the trial court. Based on this earlier psychological testing and the later reports he received on her, Dr. Lonowski was of the opinion that Mrs. Miles' mental condition was becoming worse. Thus, the evidence complained of was relevant and properly admitted.

BURDEN OF PROOF[2]
A review of the district attorney's petition shows that LSA-R.S. 13:1601(A) and (C) provide the grounds relied upon for terminating Mrs. Miles' parental rights.
LSA-R.S. 13:1601(A) and (C) provide:
"§ 1601. Petitioning for the termination of parental rights
The court on its own motion may order that the district attorney petition, or the district attorney in his discretion may petition, for the termination of parental rights of the parent or parents of an abused, neglected, or other child within a juvenile court's jurisdiction, when the grounds set forth in the petition meet all the conditions of Subsection A, B, C, D, E, or F of this Section. The district attorney may appoint any attorney representing the Department of Health and Human Resources as a special assistant district attorney for the purpose of prosecuting any such case, regardless of the domicile of said special assistant.
A. (1) The abuse or neglect of the child by the parent or parents results from a crime committed against the person of the child or when a parent is an accessory to such a crime."
(2) The abuse or neglect of the child by the parent or parents consists of cruel and inhuman treatment which is below a reasonable standard of human decency.
(3) The parent is unfit to retain parental control and there is no reasonable expectation of reformation on the part of the parent or parents.
. . . . .
C. (1) The abuse or neglect of the child by the parent or parents results from grossly negligent behavior which directly harms the child.
(2) The abuse or neglect of the child by the parent or parents consists of persistent cruel and inhuman treatment which is below any reasonable standard of human decency.
(3) The parent is unfit to retain parental control and there is no reasonable expectation of reformation on the part of the parent or parents."
LSA-R.S. 13:1603 provides, in pertinent part, that:
"§ 1603. Adjudication of termination
A. Whenever the court of proper jurisdiction finds that the allegations of Subsection A, B, C, D, E, or F of R.S. 13:1601 are proven true by the evidentiary standards set forth in this Section, it may order the termination of parental rights of the parent or parents against whom the allegations are proven.
Under Subsection A of R.S. 13:1601, Paragraph (1) must be proven beyond a reasonable doubt. Paragraphs (2) and (3) must be proven by clear and convincing evidence.
. . . . .
Under Subsection C of R.S. 13:1601, Paragraph (1) must be proven beyond a reasonable doubt. Paragraphs (2) and (3) must be proven by clear and convincing evidence."
Mrs. Miles contends that the State has failed to meet its burden of proof under either LSA-R.S. 13:1601(A) or (C), as required by LSA-R.S. 13:1603. We disagree.
Under LSA-R.S. 13:1601(A), the State has proven beyond a reasonable doubt that the abuse or neglect of Keith by Mrs. Miles resulted from a crime committed *65 against the person of the child. As noted above, on December 10, 1980, Mrs. Miles was convicted of the crime of cruelty to a juvenile (Keith), and was sentenced to serve a term of five years with the Department of Corrections. Further, it is obvious that the State has proven by clear and convincing evidence that the abuse or neglect of Keith by Mrs. Miles consisted of cruel and inhumane treatment far below any reasonable standard of human decency. Finally, as noted in the testimony given by Dr. Lonowski, Mrs. Miles is unfit to retain parental control, and there is no reasonable expectation of reformation on her part. We conclude that the State has proven this last element by clear and convincing evidence. Thus, we see no need for any discussion of whether the State met its burden of proof with respect to LSA-R.S. 13:1601(C).

NOTICE
Mrs. Miles argues that the State failed to give her notice that she could possibly lose her parental rights because of her incarceration in a state penal institution.
LSA-R.S. 13:1601(G)(1) provides:
"G. (1) Each person who is incarcerated in a state penal institution in this state shall be given and allowed to keep the following notice within forty-eight hours after incarceration:
"Louisiana law provides that your rights as a parent can be permanently terminated under certain circumstances. When parental rights are terminated, a parent loses all rights to visit, have custody of, or make any decisions or exercise any control over his or her minor child, or children.
Your parental rights may be permanently terminated if, after notice by the Department of Health and Human Resources, you fail to provide a plan for appropriate care for your minor child or children during the period of your incarceration.
Please refer to Louisiana Revised Statutes 13:1600 to 1605, especially 1601(E), for the details of Louisiana law on termination of parental rights."
A copy of La.R.S. 13:1600-1605 shall be attached to the above statement. The superintendent of each penal institution shall keep a signed and dated receipt from each prisoner indicating that he has received and understands the above statement and law. This receipt shall be attached to the permanent file of each prisoner.
...
It is our opinion that Mrs. Miles (rather than the State) had the burden of proving that she had failed to receive the notice provided for in LSA-R.S. 13:1601(G)(1). In any event, LSA-R.S. 13:1601 contains no reference to sub-paragraph (G)(1) as being an essential prerequisite for the termination of parental rights under LSA-R.S. 13:1601(A) through (F).

ATTORNEY'S FEES
Mrs. Miles' counsel shows that he is serving as her appointed counsel and has done so since the institution of these proceedings. He further shows that no fee has yet been fixed or paid for services thus far provided. He therefore requests that we fix a reasonable fee based on the amount of time that he has spent working on this case as specified in his brief.
In pertinent part, LSA-R.S. 13:1602(C) provides that,
"... an attorney shall be appointed by the court to represent the parent or parents if the court determines that such parent or parents are indigent and unable to employ counsel solely for that reason, in accordance with the Louisiana Code of Civil Procedure, Articles 5091 through 5098."
Thus, we will remand this case to the trial court with instructions that it set a reasonable fee for the services provided by Mrs. Miles' counsel, in accordance with law.

DECREE
For the above and foregoing reasons, the judgment of the trial court, terminating Mrs. Miles' parental rights with respect to her minor son, Keith Miles, is affirmed. *66 However, the case is remanded to the trial court with instructions that it set a reasonable fee for the services provided by Mrs. Miles' counsel, in accordance with law.
All costs of this appeal are assessed against Mrs. Miles.
AFFIRMED and REMANDED WITH INSTRUCTIONS.
NOTES
[1] Dr. Lonowski was accepted by the trial court as an expert in the field of clinical psychology.
[2] In Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), the United States Supreme Court held that: "Before a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence." See 102 S.Ct., at 1391.