458 So.2d 675 (1984)
MOORE, ROMERO & CO., Plaintiff-Appellant,
v.
NAN CORPORATION, Defendant-Appellee.
No. 83-1040.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*676 Hawley & Schexnayder, W. Paul Hawley, Lafayette, for plaintiff-appellant.
Jefferson J. Moss, Jr., and Linda G. Smith of Moss, Becker & Bradley, Lafayette, for defendant-appellee.
Before FORET, DOUCET and KNOLL, JJ.
KNOLL, Judge.
Moore, Romero & Company, a certified public accounting firm, (hereafter Moore) seeks to enforce a bill in the sum of $8,950 for auditing services against Nan Corporation (hereafter Nan) and Miss Lillian Corporation (hereafter Lillian). The trial court awarded Moore the sum of $5,898.40 with legal interest from the date of judgment and denied Moore's request for attorney's fees. Moore contends Nan and Lillian are liable for $8,950, legal interest from the *677 date of billing, and attorney's fees for the collection of an open account. The issues on appeal are: (1) whether the trial court was manifestly erroneous in determining Nan's and Lillian's indebtedness; (2) whether Moore's services for Nan and Lillian fell under a contractual relationship or were performed on an open account basis; and, (3) whether legal interest was owed Moore from the date of billing.
The actions against Nan and Lillian were consolidated at trial and will be considered together in this appeal. A separate opinion is being rendered this day in Moore, Romero & Co. v. Miss Lillian Corporation, 458 So.2d 680 (La.App.3d Cir.1984).
For the following reasons we affirm the judgment of the trial court.

FACTS
On June 2, 1980, Nan and Lillian hired Moore to audit their corporate records for the fiscal year 1979. Moore prepared engagement letters outlining the terms and service to be performed. Nan and Lillian accepted and approved these letters. Sometime later Nan and Lillian authorized Moore to conduct similar audits for the fiscal year 1980. No engagement letter was prepared for the second year's audits.
Moore completed Nan's and Lillian's audits for both years in 1981. On August 21, 1981, Moore billed Nan $4,500 and Lillian $4,450. Nan and Lillian complained that Moore's bills were excessive and paid nothing. On September 8, 1982, Moore's attorney mailed certified demand letters and copies of the bills to Nan and Lillian. Unable to agree on the accounting fees, Moore instituted separate suits against Nan and Lillian. Nan and Lillian filed exceptions of no right of action, contending that Moore was not entitled to claim attorney's fees. The trial court deferred the exceptions to the trial on the merits. Nan and Lillian answered the suits with general denials.

DETERMINATION OF AMOUNT OWED
Moore contends that it proved Nan and Lillian owed it $8,950 for professional accounting services on an open account basis.
The trial court concluded Moore had contracts with Nan and Lillian to perform audits for 1979 and 1980. LSA-C.C. Art. 1779 delineates the following requisites for a valid contract: (1) parties legally capable of contracting; (2) their consent legally given; (3) a certain object which forms the matter of the agreement; and (4) a lawful purpose. These requisites were met in the cases sub judice. Signed engagement letters dated June 2, 1980, particularized the agreement between the parties relative to the 1979 audits. Neither Nan nor Lillian dispute Moore's authority to perform the 1980 audits. Even though this agreement was not reduced to writing, Moore's authority was obtained orally from Nan and Lillian. A contract, though not reduced to writing, is valid. LSA-C.C. Arts. 1811, 1816 and 1817; Southern Scrap Mat. Co. v. Commercial Scrap Mat. Corp., 239 La. 958, 120 So.2d 491 (1960).
Nan and Lillian do not contend either that the hours indicated on Moore's time sheets or the rates charged are excessive; they challenge Moore's claim for undocumented time. In the engagement letters Moore was not promised a fixed price for its auditing work, only that Moore would bill the corporations at its regular rate plus out-of-pocket expenses.
A contract which does not provide a specified sum of money for remuneration will not vitiate the contract. Porter v. Johnson, 408 So.2d 961 (La.App. 2nd Cir. 1981), writ denied, 412 So.2d 99 (La.1982). Where there is a contract without a fixed price, the price is determined as that which is reasonable in light of community custom and equity between the parties. LSA-C.C. Art. 1965; Grimaldi Plumbing & Heating Co., Inc. v. Doucette, 414 So.2d 832 (La. App. 4th Cir.1982); Porter, supra; Skains v. White, 391 So.2d 1327 (La.App. 2nd Cir. 1980). The sum of recovery is the reasonable value of services which has inured to the benefit of another. Porter, supra. In order to determine what is a reasonable value for the services provided, the trial *678 court must look to the circumstances in each individual situation. Pasquier, Batson & Co. v. Ewing, 430 So.2d 724 (La.App. 2nd Cir.1983), writs denied, 435 So.2d 437 and 435 So.2d 441 (La.1983); Swan v. Beaubouef, 206 So.2d 315 (La.App. 4th Cir. 1968).
Moore maintained detailed accounting sheets showing the time various members of its audit team spent on each of the audits, and the amount charged for each member's services. Nan's audit time sheet reflected 82 hours totaling $2,806.90; Lillian's reflected 84 hours totaling $3,091.50. Nonetheless, Moore contended it spent time in excess of that shown on the time sheets and billed Nan $4,500 and Lillian $4,450. Moore claimed that it performed seven audits simultaneously for several interrelated corporations (including Nan and Lillian). Therefore, because of an overlap of time on each audit, Moore chose to bill the individual corporations by totaling all the audit amounts and averaging the total among the corporate audits.
Nan and Lillian timely objected to the relevancy of testimony relating to audits Moore may have performed simultaneously for these other corporations. To be relevant, evidence must have some probative value and be reasonably connected to the transaction in question. State In Interest of Miles, 441 So.2d 61 (La.App. 3rd Cir.1983). Evidence should not be excluded where it is admissible to prove any hypothesis included in plaintiff's cause of action. Associates Financial Services Co., Inc. v. Ryan, 382 So.2d 215 (La.App. 3rd Cir.1980). The trial court is granted a great deal of discretion in assessing the probative value of evidence. City of Baton Rouge v. Tullier, 401 So.2d 422 (La.App. 1st Cir.1981), writ denied, 406 So.2d 605 (La.1981).
The trial court sustained Nan's and Lillian's objection and excluded Moore's testimony regarding the other audits as irrelevant. Moore's pleadings did not contain any allegations which hinted to a connexity between the other corporate audits and the time sheets kept on Nan and Lillian, nor did it refer to these other audits. The very terms of Moore's engagement letters provided that billings would be based on time spent on each corporate audit, not on an average. Accordingly, we find the trial court properly excluded the evidence as irrelevant.
The trial court concluded Moore's charges were excessive and calculated Moore's recovery on the time records kept by Moore. We find no abuse in the trial court's discretion in using Moore's own time sheets to determine the amount owed.
In a related issue, Moore complains that the trial court erred in awarding interest only from the date of judgment. We disagree.
The trial court made a factual determination regarding the value of services rendered by Moore, and reasoned that the actual value of Moore's services was not determinable until final judgment. Since Moore's claim was unliquidated until judgment was rendered in the trial court, legal interest is allowed from the date of judgment, not from the date of judicial demand. Pasquier, supra; Grimaldi, supra; Succession of Butler, 294 So.2d 512 (La.1974). Accordingly, under the facts of this case, the trial court did not err in awarding legal interest from the date of judgment.

ATTORNEY'S FEES
Moore contends that the trial judge erred in sustaining Nan's and Lillian's exceptions of no cause of action as to attorney's fees. We affirm the trial court's denial of attorney's fees, although we find that the defendants' exceptions of no cause of action should not have been sustained.
The exception of "No Cause of Action" is used to test the legal sufficiency of the petition. On the trial of an exception of no cause of action the issue is whether the face of the petition presents a case which legally entitles petitioner to the redress sought. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
Nan and Lillian filed exceptions calling for a partial no cause of action. *679 This is not provided for in our law. Emp. Mut. Liability Ins. v. Red Simpson, Inc., 386 So.2d 961 (La.App. 3rd Cir.1980). The effect of granting a peremptory exception is that the entire action shall be dismissed, not part of the action. LSA-C.C.P. Art. 934. "Defendant's use of the exception of no cause of action to strike an element of claimed damages represents an improper use of the procedural vehicle...." Walker v. Western-Southern Life Ins. Co., 361 So.2d 892 (La.App. 2nd Cir.1978), writ denied, 363 So.2d 537 (La.1978).
Under our procedural law, the exception of no cause of action should be overruled if any part of the petition can withstand the exception. Emp. Mut. Liability Ins., supra. The exception to this rule is that when two separate and distinct causes of action are set forth in one petition, an exception of no cause of action may be valid. However, this exception is inapplicable to the case sub judice. Moore's claim is not grounded on two separate causes of action. Moore's only cause of action is a claim for payment on an open account basis, in which attorney's fees are allowed when LSA-R.S. 9:2781 has been complied with. Consequently, it was error for the trial court to sustain Nan's and Lillian's exceptions of no cause of action; however, since we are denying Moore's claim for attorney's fees, for reasons set forth infra, this error is not relevant.
We agree with the trial court's determination that Moore's agreement with Nan and Lillian was not based on an open account because their relationship was neither running or current, nor was there an anticipation of future dealings between the parties.
When this lawsuit was tried, LSA-R.S. 9:2781(C) provided as follows:

"For the purposes of this Section, an open account shall include debts incurred for professional services, including, but not limited to, legal and medical services, which are rendered on a continuing basis." (Emphasis added.)

In Colonial Products Company v. Park Place Homes, Inc., 282 So.2d 574 (La.App. 4th Cir.1973), the court concluded that an open account existed in a "... situation where there [had] been running or current dealings between the parties and the account [had] been kept open with the expectation of further dealings." See also Monlezun v. Fontenot, 379 So.2d 43 (La.App. 3rd Cir.1979).
Awards of attorney's fees are penal and should be made only in cases which are clear and free from doubt. Texas Industries, Inc. v. Roach, 426 So.2d 315 (La. App. 2nd Cir.1983).
Moore contracted to provide Nan and Lillian with audits for the specific years 1979 and 1980. The record contains no evidence that Moore provided or billed Nan and Lillian for other accounting services, or that there was any expectation of future dealings. Under these circumstances we are unable to conclude that this action is based on an open account, entitling Moore to attorney's fees. The record supports the conclusion that Moore contracted to perform specific auditing work authorized by Nan and Lillian which has been completed.
Accordingly, we find the trial court was correct in its determination that Moore was not entitled to receive attorney's fees.
For the foregoing reasons, the judgments of the trial court are affirmed. All costs of this appeal are assessed to appellant, Moore, Romero and Company.
AFFIRMED.