DOUCET, Judge.
William E. McWard seeks damages for injuries to his son, Christopher, resulting from a dog bite on the face. On November 27, 1982, Christopher McWard, then age 4, was bitten by the LeBlanc family’s dog while he was playing at the home of Forrest LeBlanc. He was taken to the office of his pediatrician, Dr. Foster Kordisch, who referred him to a plastic surgeon, Dr. James G. Dowd. Dr. Dowd sutured the wound and treated Christopher with antibiotics. After several follow-up visits, Christopher was admitted to the hospital for a scar revision and dermabrasion to minimize the scarring.
Defendants stipulated to liability. Therefore, a trial was held only to determine the quantum of damages. The jury awarded the plaintiff general damages in the *985 amount of $38,000 and medical expenses in the amount of $15,000. The defendant moved the court for a remittitur of the jury’s award. After a hearing, the plaintiff consented to a remittitur in the amount of $6,866.32 of the jury’s award of medical expenses. The jury’s general damage award was affirmed. The defendants appeal from the jury verdict and from the trial court’s refusal to reduce the general damage award.
Defendant argues that the trial judge erred by not allowing into evidence a picture of the dog that bit Christopher. The trial judge found that the picture had no relevancy to the proceedings. We agree.
“For evidence to be relevant, it must have some probative value and be reasonably connected to the transaction in question. Associates Financial Services Company, Inc. v. Ryan, 382 So.2d 215 (La.App. 3 Cir.1980); Vignes-Bombet Company, Inc. v. Rowe, 288 So.2d 889 (La.App. 1 Cir.1973). Evidence should not be excluded where it is admissible to prove any hypothesis included in plaintiff’s alleged cause of action. Associates Financial Services Co., Inc. v. Ryan, supra; Goltzman v. Goltzman, 372 So.2d 1262 (La.App. 3 Cir.1979). Finally, the trial court is granted a great deal of discretion in assessing the probative value of evidence. City of Baton Rouge v. Tullier, 401 So.2d 422 (La.App. 1 Cir. 1981), writ denied, 406 So.2d 605 (La. 1981).”
State in the Interest of Miles, 441 So.2d 61 (La.App. 3rd Cir.1983). The issue at trial was not the propensity of the dog to bite or even whether the dog actually inflicted the bite. The breed, size or physical characteristics of the dog have no probative value where the only issue is the amount of damage suffered by Christopher McWard. That amount is the same regardless of whether the dog that did the damage was a Pit Bull or a Pekingese.
The defendant further argues that the unit of time analysis used by the plaintiff during closing arguments to compute damages was improper. The defendant is correct in stating that unit of time arguments are generally not acceptable. Pennington v. Justiss-Mears Oil Co., 242 La. 1, 134 So.2d 53 (1961); McFarland v. Illinois Central Railroad Co., 241 La. 15, 127 So.2d 183 (1961). But see: Little v. Hughes, 136 So.2d 448 (La.App. 1st Cir. 1961). However, the defendant failed to object at the time the improper argument was made. Absent objection at trial, error cannot be raised for the first time on appeal. Failure to object constitutes a waiver of the right to complain on appeal. Benoit v. Fireman’s Fund Ins. Co., 361 So.2d 1332 (La.App. 3rd Cir.1978).
Finally, the defendant argues that the award of general damages in the amount of $38,000 is excessive and should be reduced. In reviewing a damage award to determine whether it is inadequate or excessive, the appellate court must look to the individual circumstances of the case before it. If analysis of the facts reveals an abuse of discretion, the award may be altered. Reck v. Stevens, 373 So.2d 498 (La.1979).
In this case, the testimony reveals that Christopher received a severe bite. His sister and a neighbor who observed him immediately after the injury testified that it looked as though part of his face was gone. Dr. Kordisch stated that his observation of the wound led him to believe that it went all the way down to the cheekbone. Dr. Dowd testified that the injury went into the muscle tissue, but did not affect muscle function. He could not remember how many sutures were required to close the wound, but believed that it was substantially more than 26. Christopher was confined to the house for a period of days or weeks to protect the wound from reinjury. About a year after the initial injury, Dr. Dowd admitted Christopher to the hospital for scar revision. By that process, the wound is reopened and scar tissue is removed. The wound is again closed resulting in a smaller, neater scar. He also underwent dermabrasion, or *986 smoothing of the skin surface, in order to make the scar less obvious. Dr. Dowd testified that Christoper should undergo at least two more scar dermabrasion treatments in order to achieve maximum improvement of the scar. However, Dr. Dowd stated that Christopher would always have a visible scar as a result of the dog bite. Disguising the scar in adulthood by growing a beard is not possible because of the position of the scar.
Since the incident, Christopher is uncomfortable at school. The other children ask about the scar and, on past occasions, have called him Scarface. Further, he has suffered setbacks in his existing speech problems, seemingly as a result of the trauma resulting from the injury, as well as because of missing his speech therapy sessions while confined to his home. Christopher has become fearful of doctors and hospitals. There was testimony that Christopher is more withdrawn since the accident and that he is afraid of dogs other than his family’s dogs. However, Dr. Graves, a psychologist who examined Christopher, testified that he believed Christopher’s emotional problems were related to his home environment rather than the dog bite.
Considering the residual scarring and the necessity of continued treatment, as well as the traumatic effect to a small child of a dog bite on the face, we find that the general damage award, while high, is not an abuse of the trial court’s discretion.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendant-appellants.
AFFIRMED.