LABORDE, Judge
Plaintiff, Doris A. Young, brought this action against Leroy Armstrong, his insurer, Integon General Insurance Company, and the City of Natchitoches for injuries she sustained as a result of an automobile accident. After a trial on the merits, the trial court found for the defendants and against the plaintiff. Plaintiff now lodges this appeal. We affirm.
FACTS
On August 16, 1986, at approximately 5:30 p.m., Doris A. Young was driving east on Breda Street in Natchitoches, Louisiana, proceeding towards the intersection with Stella Street. At the same time, Leroy Armstrong was operating his vehicle in a southerly direction on Stella Street, traveling towards the intersection with Breda Street. As the two vehicles reached the intersection[1], they collided, resulting in injuries to Ms. Young and property damage to her car.
Plaintiff raises three specifications of error:
1) The trial court committed manifest error when it determined that the defendant, Leroy Armstrong, was not negligent or contributed to the accident.
2) The trial court erred in not considering the defective and dangerous condition of the curve to be a cause of the accident.
3) The trial court erred in admitting, over the plaintiffs objection, evidence which was non-relevant and prejudicial.
NEGLIGENCE OF LEROY ARMSTRONG
In the plaintiffs first specification of error, she contends that the trial court erred in not finding Leroy Armstrong negligent in the occurrence of the accident. We do not agree. Officer Walter S. Mezzier, the investigating officer, testified at trial that when he arrived at the scene of the accident, the plaintiffs vehicle was directly in front of the defendant’s vehicle, in the defendant’s lane of traffic. The officer also testified that in his report he cited the plaintiff for being in the defendant’s lane of traffic and for cutting thé comer of the intersection. The defendant testified that he didn’t see the plaintiff’s vehicle until he started making the turn, and at that time, she was less than one car length away from him, proceeding in his lane of traffic.
It is well settled in our jurisprudence that when a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane was negligent. Nicholson v. Louisiana Department of Transportation and Development, 449 So.2d 178 (La.App.3d Cir.1984); Delrie v. Transport Insurance Co., 413 So.2d 356 (La.App.3d Cir.1982). To rebut this pre *357 sumption, the plaintiff argues that she was in her own lane of travel when the accident occurred, but the impact of the collision coupled with the wet conditions caused her to slide into the defendant’s lane of travel. The trial court did not agree with the plaintiffs theory, for it found her negligence to be the sole cause of the collision. We do not find this determination to be manifestly erroneous under the standard articulated in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Therefore, we hold that there was no negligence on the part of Leroy Armstrong.
STRICT LIABILITY AND THE CITY OF NATCHITOCHES
The plaintiff claims that the City of Natchitoches is strictly liable for her injuries because it maintained a dangerous and defective curve. To impose strict liability on a defendant under LSA-C.C. art. 2317, a plaintiff must show: (1) that the thing which caused the injury was in the care and custody of the defendant; (2) that a vice or defect existed in the thing; and (3) that the vice or defect caused the injury. A vice or defect is defined as the creation of an unreasonable risk of injury to another. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980); Holmes v. State Department of Highways, 466 So.2d 811 (La. App.3d Cir.), writ denied, 472 So.2d 31 (La.1985).
It is obvious that the curve is in the care and custody of the City of Natchitoch-es; what is not so obvious is whether the curve is so defective as to constitute an unreasonable risk of harm. The plaintiff relies almost exclusively on her expert witness, Duaine T. Evans, to support her argument that the curve is defective. Mr. Evans testified that the curve is narrow by the American Association of Highway Official Standards. He was also of the opinion that there should have been a center line marking on the curve and that it should have been preceded by a warning sign and an advisory speed sign. Mr. Evans concluded that the absence of these cautionary markings was a cause of the accident.
Although the plaintiffs expert testified that these markings should have been in place to properly warn motorists of the curve, we can not say that this curve is unreasonably dangerous. The photographs introduced into evidence by both plaintiff and defendant clearly show that there are two large, yellow directional arrow signs at the intersection of the streets, one facing Breda Street, the other facing Stella Street. It is undisputed that these signs were in place at the time of the accident. The evidence shows that these signs can be seen from a great distance, and we find them to be adequate warning to a motorist that a curve lies ahead. The lack of a center line may make the curve slightly more hazardous; however, the mere fact that a thing creates a hazard does not necessarily mean it is defective within the meaning of strict liability. The key word is “unreasonable” and the plaintiff must show the risk was unreasonable under all the circumstances. Tracy v. Parish of Jefferson Department of Public Works, 523 So.2d 266 (La.App. 5th Cir.), writ denied, 530 So.2d 569 (La.1988). We do not find that the plaintiff has proved the risk in this case to be unreasonable. Several witnesses testified that to negotiate the curve, one need only use good judgment. The record also indicates that there have been no reported accidents at this location in the three years preceding this suit. Thus, we find that the curve does not pose an unreasonable risk of harm and is not defective for strict liability purposes.
ADMISSIBILITY OF THE PHOTOGRAPHS
The last specification of error the plaintiff makes is that the trial court erred in admitting non-relevant, prejudicial evidence. The evidence the plaintiff refers to are photographs of several “T” intersections around the City of Natchitoches. The. defendant introduced these photographs to demonstrate that several streets which intersect in the City do not have center lines. For evidence to be relevant, it must have some probative value and be reasonably *358 connected to the transaction in question. Dubois v. State Department of Public Safety, 466 So.2d 1381 (La.App.3d Cir. 1985). In assessing the relevancy of evidence, the trial court is granted a great deal of discretion. Moore, Romero & Co. v. Nan Corp., 458 So.2d 675 (La.App.3d Cir.1984). We have reviewed the photographs, and find that the trial court did not abuse its discretion in admitting them. For the foregoing reasons, we affirm the decision of the trial court. Plaintiff is cast for all costs.
AFFIRMED.

. At trial, there was much debate on whether the area where the accident occurred is best described as a curve or an intersection. This is a somewhat difficult matter to resolve because the area seems to combine characteristics of both. It is an intersection insofar as it is the point where two streets intersect at roughly a ninety degree angle. However, it differs from the traditional intersection in that there are no traffic controls (i.e., stop or yield signs) on either street. We are inclined to agree with the opinion of the plaintiff’s expert that the area is technically an intersection, but it is being operated as a curve.