LeBLANC, Judge.
This case concerns the termination of a natural father’s parental rights pursuant to La.R.S. 13:1600 et seq. The father now appeals.
Appellant is the father of three minor daughters, ages eleven, five and four, respectively. In March of 1987, he was convicted of one count of aggravated rape, one count of aggravated oral sexual battery, and one count of sexual battery upon his oldest daughter, as well as one count of aggravated oral sexual battery and one count of sexual battery upon his middle daughter. Appellant was sentenced to life imprisonment for the rape conviction, twenty years imprisonment on each of the two aggravated oral sexual battery convictions and ten years each on the two sexual battery convictions. Upon appeal this Court reversed each of the convictions for aggravated oral sexual battery and sexual battery because appellant was improperly tried before a twelve-person jury on these charges rather than the prescribed six-person jury. Appellant’s conviction for the aggravated rape of his oldest daughter was affirmed. 524 So.2d 1376.
On April 13, 1988, the State, through the District Attorney of Tangipahoa Parish, filed a petition to terminate appellant’s parental rights with respect to his two older daughters. At the conclusion of a hearing held on this matter on June 8, 1988, at which appellant was present and represented by counsel, judgment was rendered terminating appellant’s parental rights with respect to these two children. This judgment was signed on June 22, 1988, and notice of judgment was served on appellant’s counsel on July 7, 1988.
Subsequently, separate proceedings were filed by the State to terminate appellant’s parental rights with respect to his youngest daughter. A judgment was rendered in these proceedings on November 8, 1989, and signed on November 20, 1989, terminating appellant’s parental rights as to this child. Appellant timely appealed this judgment on December 21, 1989. On the same date, he also filed a motion for an “out-of-time” appeal of the June 22, 1988, judgment terminating his parental rights as to his two older daughters, claiming he was “unaware of his appeal rights” with regard to this judgment at the time it was rendered. The trial court signed an order granting an appeal from this judgment.
Initially, we observe that this Court is without jurisdiction to consider appellant’s attempted appeal from the judgment of June 22, 1988, since this appeal was not timely taken. Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1st Cir.), writ denied, 438 So.2d 566 (1983) and 435 So.2d 432 (1983). At the very latest, appeal delays from this judgment began tolling on July 7, 1988, when notice of judgment was served upon appellant’s attorney, although it is questionable that notice of judgment was even required in this case, so that appeal delays probably began upon the signing of this judgment. In either case, the motion for appeal filed on December 21, 1989, well over a year after the judgment was signed and notice of judgment was given, was clearly untimely. The lower court was without authority to grant appellant’s motion for an “out-of-time” appeal. Once the appeal delays for this judgment lapsed, the judgment became final and this court is without jurisdiction to now review it. Id. Accordingly, we will not consider those errors alleged and briefed by appellant relating to the judgment of June 22, 1988.
However, appellant’s appeal was timely with respect to the judgment of November 20, 1989, and, thus, we will now consider the following errors asserted by appellant with respect to this judgment.[2]
*1183 1. The trial court incorrectly held that the La.R.S. 13:1601G notice requirement to incarcerated persons did not apply to termination of parental rights cases, such as the present one, brought under La.R.S. 13:1601A.
2. The trial court incorrectly based its decision on the issue of expectation of reformation on a psychologist’s testimony which was based upon an interview with appellant which was held almost three years before trial.
NOTICE REQUIREMENT
La.R.S. 13:1601 authorizes a district attorney to petition for the termination of a parent’s parental rights if certain requirements are present; sections A through F of this provision each set forth a separate ground for the termination of a parent’s rights and the conditions which must be met therefor. Additionally, La.R.S. 13:1601 G provides, in pertinent part, as follows:
G. (1) Each person who is incarcerated in a state penal institution in this state shall be given and allowed to keep the following notice within forty-eight hours after incarceration:
“Louisiana law provides that your rights as a parent can be permanently terminated under certain circumstances. When parental rights are terminated, a parent loses all rights to visit, have custody of, or make any decisions or exercise any control over his or her minor child, or children.
Your parental rights may be permanently terminated if, after notice by the Department of Health and Human Resources, you fail to provide a plan for appropriate care for your minor child or children during the period of your incarceration. Please refer to Louisiana Revised Statutes 13:1600 to 1605, especially 1601(E), for the details of Louisiana law on termination of parental rights.”
A copy of La.R.S. 13:1600-1605 shall be attached to the above statement. The superintendent of each penal institution shall keep a signed and dated receipt from each prisoner indicating that he has received and understands the above statement and law. This receipt shall be attached to the permanent file of each prisoner.
When the department is granted custody of a child due to the parent’s incarceration in a federal penal institution or a state penal institution of another state, the department shall send by certified mail a copy of the above statement, law, and receipt to the superintendent of the institution and shall request his assistance in complying with the above requirements and the return of the signed and dated receipt.
In the present ease, the trial court held that, as alleged by appellant, he did not receive the notice set forth in Section G. However, the court further concluded that this notice was not a requisite for the termination of appellant’s parental rights under Section A of R.S. 13:1601, the grounds relied upon by the State in these proceedings. The rationale stated by the trial court for its conclusion was that a termination of parental rights under Section A is based upon child abuse or neglect rather than the fact of the parent’s incarceration, as is the case with Section E of R.S. 13:1601.[3]
We agree with the trial court’s conclusion. The primary intent of the Section G *1184 notice clearly is to inform an incarcerated person of the possibility of the termination of his parental rights due to his incarceration. Thus, while this notice may be a requisite to the termination of rights under R.S. 13:1601 E, it bears no rational relationship to and is not a requisite for the termination of rights under R.S. 13:1601 A. State In Interest of M, 448 So.2d 1335 (La.App. 4th Cir.1984); State In Interest of Miles, 441 So.2d 61 (La.App. 3rd Cir.1983). Further, appellant received proper notice of the instant proceedings and the hearing thereon; he was even present at the hearing held on this matter. Appellant was not prejudiced in any manner by the failure to provide him with the notice delineated by R.S. 13:1601 G.
EXPECTATION OF REFORMATION .
One of the requirements for terminating parental rights under La.R.S. 13:1601 A is that there be no reasonable expectation of reformation on the part of the parent. Appellant complains that in reaching its conclusion that there was no reasonable expectation appellant would reform, the trial court relied heavily on the testimony of Dr. William Jansen, a psychologist, who interviewed appellant once almost three years prior to trial. Appellant’s implication is that Dr. Jansen’s testimony should not be considered because of the lapse of time between this interview and the trial.
In this case, we do not believe the period of time between Dr. Jansen’s interview with appellant and the trial affected the substance of Dr. Jansen’s trial testimony. We believe the most crucial aspect of Dr. Jansen’s testimony with respect to the issue of reformation was that he would have no expectation that appellant could reform unless appellant admitted he had a problem and received treatment for it. Dr. Jansen felt it would be impossible to successfully treat a person with an incest/molestation problem as appellant’s, if that person refused to admit he had a problem.
At trial herein, appellant continued to protest his innocence, refusing to acknowledge he had a problem. Further, the record indicates appellant has not received treatment for his problem since the time of his interview with Dr. Jansen. Thus, under these circumstances, we believe Dr. Jansen’s testimony regarding expectation of reformation remained valid despite the passage of almost three years from the time of his interview with appellant. The crucial factors delineated by Dr. Jansen had not changed during that period of time. Accordingly, we find no merit in this assignment of error. See, State In Interest of Miles, 441 So.2d at 63-64.
For the above reasons, the November 20, 1989, judgment of the trial court is affirmed.
AFFIRMED.

. Appellant also assigns as error the admission of hearsay evidence at both trials. However, in his brief, appellant complains specifically only of evidence that was admitted at the first trial. As already stated, the judgment rendered in that matter is not properly before this court for review. Further, since appellant did not brief this assignment of error with respect to the second trial, we consider this assignment aban *1183 doned as to that trial. Uniform Rules-Courts of Appeal, Rule 2-12.4.

. La.R.S. 13:1601 E provides as follows:
E. (1) The child has been in the custody of the Department of Health and Human Resources for a period of at least two years.
(2)The department was granted custody of the child and continued holding custody of the child due to the incarceration of the parent in a state or federal penal institution and the parent’s refusal or failure to provide a plan for appropriate care for the child, other than foster care, after notice by the Department of Health and Human Resources.
(3) There is no reasonable expectation of the parent’s release for at least five additional years.
(4) Expert testimony establishes that termination of parental rights and adoption are in the child’s best interests.