236 So.2d 304 (1970)
Willie Mae JOHNSON
v.
Louis Don PETIT.
No. 3998.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1970.
Levy, Smith & Pailet, Ellis Jay Pailet, New Orleans, for plaintiff-appellant.
Peter J. Compagno, New Orleans, for defendant-appellee.
Before REDMANN, LE SUEUR and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Plaintiff herein, Willie Mae Johnson, brought suit against defendant, Louis Don Petit, alleging tortious conduct on his part in that he physically attacked, beat and kicked her. There are but two undisputed facts in this case and these are that the plaintiff entered a bar owned by defendant in the early morning hours of December 6, 1966, and shortly thereafter existed with someone's assistance. From that point on the version of plaintiff and defendant become so divergent as to be insusceptible of reconciliation.
Plaintiff testified that she entered defendant's bar, the Club Desire, about 1:30 a. m., sober but desirous of a drink. She alleges she had purchased a half pint bottle of gin and sat at the bar to enjoy a bit of its contents, when defendant ordered her out of his establishment. She was a little slow in departing, she says, and defendant came to her aid by violently pushing her out causing her to fall upon the sidewalk *305 adjoining the premises. Her version next has defendant, apparently unsatisfied by her ejection, administering a volley of kicks about the face and body of his fallen customer. In the rush of her exit, she was parted from her $200.00 wig and $15.00 coat. Plaintiff further stated that no one was in the Club Desire but herself and the defendant, and that Katy's Restaurant, another establishment across the street from defendant's, was open.
Plaintiff's version is corroborated by the testimony of two witnesses. These two men testified that they had been working late doing sheetrock work at another location and upon finishing their job had driven to a point across the street from the Club Desire and were sitting in their automobile eating sandwiches and drinking beer when they witnessed the events testified to by plaintiff. They said that following her attack they picked plaintiff up and drove her home in their automobile. One of the two stated that they had obtained the sandwiches at Katy's Restaurant in front of which they were parked. The other said that they had obtained the sandwiches earlier and had not gone into Katy's at all. He in fact was vehement in his insistence that he had never in his life been in Katy's Restaurant. They both agreed, however, that Katy's Restaurant was open and that there were people inside, an assertion which is denied by the co-operator of the restaurant, Katy's husband.
The defendant's version of the incident is that he had closed his establishment to the public a short time before plaintiff arrived. He states that he was on the premises with two other men who were helping him build a linen closet on the end of the bar. One of the men opened the door to put some trash out and the plaintiff gained entrance while the door was open for this purpose. Defendant says that he was standing behind the bar when the plaintiff entered and sat herself at a table near the door. She appeared to him to be in a state of semi-consciousness and when one of the two men informed her that the place was closed and asked her to leave, she was unresponsive. Defendant goes on to say that he then personally told her to leave and that when she failed to do so, he asked the two men to help her out. This they did, according to defendant, in a gentle manner, each taking her by one arm and escorting her to the door. Defendant's testimony is that he sold plaintiff nothing, and that he personally never touched plaintiff.
Defendant's version is corroborated by the two men that he said helped plaintiff out of his bar. Their testimony does not vary significantly either from that of defendant or from each other's. It is significant to note however that there are numerous inconsistencies between defendant's answers to plaintiff's interrogatories and his testimony at trial. Among these are defendant's statements in the answers to the interrogatories that only he asked plaintiff to leave, that he remembered no witnesses to plaintiff's ejection, and that he asked no one to eject plaintiff. In this connection plaintiff's attorney argues that the trial judge erred in allowing defendant's witnesses to testify because defendant had stated in his answers to the interrogatories that he did not remember any witnesses. It is true that article 1513 of the Code of Civil Procedure gives the trial court the power to disallow testimony in such cases, but, as pointed out even by plaintiff's attorney at the trial, this power is discretionary with the trial court. Whether he abused that discretion is a point which we need not reach since even if he did, it was but a harmless error. The trial judge states in the record that the testimony of the two witnesses produced by plaintiff to the effect that they had worked until the early morning and then drove to another place to eat some sandwiches, "* * * is too fantastic for belief." Therefore, the plaintiff could not have obtained judgment in any event, since the trial judge did not believe her witnesses. Furthermore, it has long been in our law that when a review of the entire record *306 clearly indicates the correctness of the lower court's judgment and that justice has been done between the parties, that judgment will not be overturned because of errors of law that do not affect the merits. Creevy v. Cummings, 3 La.Ann. 163.
At the conclusion of the testimony the trial judge indicated that he believed none of the witnesses and rendered judgment dismissing plaintiff's suit on the basis that she had not met her burden of establishing her case by a preponderance of the evidence. We find no error in his conclusion.
For the foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
Affirmed.