COLE, Judge.
Sherman Bernard, as rehabilitator for First Republic Life Insurance Company, was holder and owner of a $58,404.16 promissory note made by Al J. Ransome and Pike Burden, Inc., endorsed by attorneys John C. Anderson, Lawrence R. Anderson, *1219 Jr. and Jack Roberts, Jr.[1] Bernard filed suit on the note, naming the two makers and three endorsers defendants. He sought recognition of a collateral mortgage note and a collateral mortgage on Ransome’s home, as well as recognition of the assignment of Pike Burden’s accounts receivable.
The trial court granted judgment on the note on February 26, 1980, in favor of Bernard and against the two makers, Ransome and Pike Burden.[2] The court recognized Bernard’s rights to the accounts receivable but refused to recognize the mortgage on Ransome’s home because Mrs. Ransome had not signed the collateral mortgage note nor the collateral mortgage. Therefore the mortgage was invalid under La.Civil Code art. 2334.[3] The three endorsers were dismissed. The day judgment was rendered an act of assignment was passed whereby Bernard assigned his interest in the judgment to Special Development, Inc., a corporation admittedly owned solely by the three attorney-endorsers. On March 26, 1980, a motion to substitute Special Development as party plaintiff was filed and granted.
Special Development filed a motion to examine the judgment debtor (Ransome). Ransome filed the peremptory exception urging the objection of no right of action, arguing there had been a purchase of a litigious right as prohibited by La.Civ.Code art. 2447. Ransome further argued the violation of this article made the assignment and substitution invalid, therefore Special Development had no right to examine the judgment debtor. The court overruled the exception and ordered the examination to proceed.
Special Development then obtained a writ of fieri facias and had the Ransome home seized. The Ransomes filed a separate suit against Special Development seeking an injunction of the sale and a restoration of the property. A temporary restraining order was issued and the attorneys for each side filed a joint motion to have the two cases consolidated. The Ransomes argued they were entitled to an injunction for three reasons. One, Ransome had been fraudulently induced to sign the promissory note. Two, there had been a remission or conventional discharge of the debt in favor of the endorsers without a reservation of rights against the makers, therefore the makers were released from the obligation. Three, there had been a purchase of a litigious right as prohibited by La.Civ.Code art. 2447.
The defendants filed a motion for judgment on the pleadings, as authorized by La.Code Civ.P. art. 965. The trial court granted judgment on the pleadings in favor of defendant Special Development and against the plaintiffs, Al and Marie Ran-some.[4] The Ransomes have appealed.
The issues presented on appeal are whether or not the court erred in overruling the objection of no right of action to the judgment debtor rule and whether or not the court erred in granting the judgment on the pleadings.
Concerning the no right of action issue, when the peremptory exception is raised at the trial level it may be pleaded at any stage of the proceeding prior to submission of the case for a decision. La.Code Civ.P. art. 928. When the exception is *1220 raised after the case has been submitted and decided the exception is not timely. Rosenthal v. Caballero, 309 So.2d 797 (La. App. 4th Cir. 1975). The exception may even be raised for the first time in the appellate court if it is pleaded prior to a submission of the case for a decision by that court. La.Code Civ.P. art. 2163. At either level, the crucial factor is that the exception be filed at some point prior to submission of the case. This is because the very purpose of the peremptory exception is to pretermit or to abort the trial (or appeal) on the merits by raising some procedural bar. In addition to the exception not being timely, we find it is not appropriate to file the exception in an attempt to stop a judgment debtor rule, which is simply a procedural step in the execution of a definitive judgment. (The judgment had indeed become definitive in this case, the delays for appeal having run.)[5] The Ransomes’ proper remedy to delay (or prevent) the execution of the judgment would have been to take a suspensive appeal from the judgment in the suit on the note.
In considering the propriety of the judgment on the pleadings we look to La.Code Civ.P. art. 965 which reads as follows:
“Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true.”
The comments to the article note the device is available to both plaintiffs and defendants. In considering the matter we are to consider as true all allegations in Special Development’s (the movers) pleadings not denied by the plaintiffs or by the effect of law, as well as all the allegations in the Ransomes’ (the adverse parties) pleadings.
The Ransomes argue they were induced by fraud and misrepresentation to sign the promissory note, therefore they should be allowed an injunction against the execution of the judgment on the note. They allege that since their petition contains allegations of fraud, these allegations must be considered as true and therefore judgment on the pleadings was inappropriate. We agree and therefore reverse and remand the case for trial.
We note plaintiff’s second supplemental and amending petition, paragraph 41, reads in pertinent part as follows:
“Petitioners further show that based on the above and foregoing facts that Al J. Ransome was induced by the fraud and misrepresentation of material facts by John C. Anderson and Lawrence R. Anderson, Jr., individually and in their capacity as members of the law firm of Anderson & Roberts and as officers, directors, and shareholders of Special Development, Inc. to execute the promissory note referred to hereinabove in Paragraph 14.”
Paragraph 16 of the original petition states:
“As part of said purported compromise and upon the insistence of John C. Anderson and Lawrence R. Anderson, Jr., a promissory note in the amount of $58,-404.16 payable to the order of “ourselves” was signed by Pike Burden, Inc., through Al J. Ransome, and Al J. Ransome, individually, and endorsed by John C. Anderson, Lawrence R. Anderson, Jr., and Jack Roberts, Jr., said attorneys representing to Al J. Ransome that he would incur no liability on said note and because of their error they would pay said indebtedness.”
The allegation of fraud is pled with sufficient particularity to satisfy the requirements of La.Code Civ.P. art. 856.[6] Under the directive of La.Code Civ.P. art. 965 we must accept these allegations as true. Tak *1221 en as true, these allegations certainly give rise to a valid reason for enjoining the execution of the judgment obtained by Sherman Bernard and assigned to Special Development. Therefore we conclude the judgment on the pleadings was inappropriate and the case should be remanded for trial.[7]
For these reasons the judgment of the trial court is reversed and the case is remanded for trial. Appellee is to pay all costs of this appeal.
REVERSED AND REMANDED.
Rehearing denied: COLE, J., dissents from the denial of rehearing.

. John C. Anderson, Lawrence R. Anderson, Jr. and Jack Roberts, Jr. had represented Al J. Ransome and Pike Burden, Inc. in previous bankruptcy proceedings.

. In written reasons for judgment, written ten days before judgment was signed, the court held the makers and endorsers solidarity liable. Although the record does not reflect any motion, the brief filed by the three endorsers states Bernard dismissed them before judgment was rendered.

. Article 2334, effective at the time the mortgage was executed, prohibited the husband from alienating immovable property which stood in the name of both spouses. This article was repealed by Act 1979, No. 709, effective January 1, 1980. A similar prohibition is stated in article 2347.

.This appeal deals with two (consolidated) cases, the first in which Ransome is a defendant, the second in which he is a plaintiff. For purposes of simplicity, when we refer to “plaintiff’ we are speaking of the plaintiff in the injunction suit (Ransome) and by “defendant” we mean Special Development.

. Judgment was rendered February 26, 1980, the judgment debtor rule was filed June 24, 1980 and the exception was filed July 11, 1980.

. Article 856 reads in part as follows:
“In pleading fraud or mistake the circumstances constituting fraud or mistake shall be alleged with particularity.... ”

. Because we find the allegations of fraud make the judgment on the pleadings inappropriate, we need not consider the allegations concerning the discharge of the makers and the sale of the litigious right.