431 So.2d 429 (1983)
Josie V. JOHNSON
v.
John MORRIS, New Orleans Public Service, Inc., and United States Fidelity & Guaranty Co.
No. CA 0267.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
Rehearing Denied May 24, 1983.
Singerman, Consentino, Toups & Troyer, Olden C. Toups, New Orleans, for plaintiff-appellant.
Floyd F. Greene, New Orleans, for defendant-appellee.
Before CIACCIO, BYRNES and LOBRANO, JJ.
CIACCIO, Judge.
This appeal arises from an accident on August 28, 1977, in which appellant, Josie Johnson, tripped and fell on a raised portion of a sidewalk. Suit was filed on August 24, 1978, against Mr. John Morris, the owner of the lot through which the sidewalk passed, his insurer USF & G and New Orleans Public Service Inc. (hereinafter NOPSI). The City of New Orleans was made a third party defendant by Morris on June 6, 1979. The City in turn made NOPSI a third party defendant and, on September 14, 1979, Johnson added the City as a party defendant in the main demand.
Prior to trial Morris and USF & G were dismissed by summary judgment. On October 7, 1981, a judgment totaling $60,299.99 was rendered in favor of plaintiff and *430 against the City of New Orleans. That judgment also dismissed plaintiff's suit against NOPSI and all third party demands.
On October 9, 1981, the City filed an exception of prescription. On October 14, 1981, plaintiff filed a motion for a new trial arguing that NOPSI should not have been dismissed and that NOPSI and the City should be cast as joint tortfeasors. The City also filed a motion for a new trial on October 14, 1981, claiming the judgment was contrary to the law and evidence. The trial court held a hearing on November 13, 1981, and rendered a judgment on November 17, 1981, denying the motion for a new trial and maintaining the City's exception of prescription and dismissing plaintiff's suit.
Plaintiff has appealed the judgment dismissing her suit against NOPSI and the judgment of November 17th denying her motion for new trial and granting the City's exception of prescription.
In her brief, appellant frames the issue on appeal as follows: "The sole issue before this Honorable Court is whether or not the Trial Court erred in its finding that New Orleans Public Service, Inc.'s equipment did not cause or contribute to the defect in the sidewalk in question." In his reasons for judgment the trial judge stated; "Plaintiff's injuries were caused by a defect in the sidewalk, which was likely to cause injury, and which could not, with the exercise of reasonable care, be avoided, obscured as it was by the shadow of the light standard. The City is liable." He further stated that, "There is no persuasive evidence that NOPSI's transformer caused or contributed to the defect."
Appellant's position is that the defect which caused her fall was a one inch settling of a section of the sidewalk. She maintains that this settling was caused by a NOPSI transformer housed below the sidewalk. Most of the testimony on this issue centered around witnesses who testified as to the placement of the transformer below the concrete. Access to the transformer is provided by a thirty-six inch diameter cast iron grate. It was alleged by appellant that the weight of the transformer and the grate, coupled with water seepage caused by the installation of the transformer, caused the sidewalk to settle, thus rendering it defective. The trial judge, who had the opportunity to evaluate the testimony of the various witnesses concluded that appellant had not sustained her burden of proof on the issue of NOPSI's liability. Absent manifest error, this court will not disturb the trial court's findings. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978). Canter v. Koehring Co., 283 So.2d 716 (La. 1973). We have reviewed the record and, although there is some conflict among the various experts who testified, we cannot say the trial judge was manifestly erroneous in concluding that NOPSI's transformer did not cause the sidewalk to settle.
Appellant further contends that the denial of her motion for a new trial was erroneous. That motion was based on appellant's assertion that the judgment dismissing NOPSI was contrary to the law and evidence. Having affirmed the finding of no liability on the part of NOPSI it follows that denial of a new trial on the grounds asserted by appellant was also proper. We therefore affirm the judgment of the trial court dismissing plaintiff's suit against NOPSI as well as the denial of the plaintiff's motion for a new trial.
AFFIRMED.
LOBRANO, J., concurring with reasons.
BYRNES, J., dissenting with reasons.
LOBRANO, Judge, concurring.
I concur. The City of New Orleans was made a party to the instant lawsuit more than one year after the accident. Since NOPSI was not cast in judgment as a joint tort feasor with the City of New Orleans, and therefore prescription was not interrupted. The exception was properly maintained.
BYRNES, Judge, dissenting.
In my opinion the granting of the City's exception of prescription, filed after the *431 case was submitted for decision and judgment had been rendered, was in error. Code of Civil Procedure Article 928 clearly and unambiguously states, "The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision". (Emphasis added) Where, as here, the exception is not raised until after judgment has been rendered it is not timely and the exception should not be granted. Bernard v. Pike Burden Inc., 401 So.2d 1218 (La.App. 1st Cir.1981). Rosenthal v. Caballero, 309 So.2d 797 (La.App. 4th Cir.1975). Cobb v. Bergeron, 244 So.2d 126 (La.App. 1st Cir. 1971).
This is not a case where the trial judge has granted a new trial and then entertains an exception of prescription. Here the trial judge denied the motion for a new trial and yet granted the exception. The Code of Civil Procedure provides that the exception of prescription may also be raised for the first time in the appellate court. CCP Art. 2163. However, at either the trial or appellate level the Code makes it clear that the exception must be filed prior to submission of the case for decision. The City failed to comply with the law and their exception should not have been maintained.

ON APPLICATION FOR REHEARING
In her application for rehearing plaintiff-appellant raises, for the first time, an objection to the timeliness of the filing of the City's exception of prescription.
Our original opinion affirmed the trial court judgment dismissing plaintiff's suit against NOPSI. Appellant admitted in her original brief to this court that if NOPSI was not liable, the City's exception of prescription was properly maintained by the trial court. In other words, considering the merits of the exception, the plaintiff's cause of action against the City has prescribed. Our original opinion also affirmed the trial court's judgment maintaining the exception.
Appellant argues now, for the first time, that she should be granted judgment against the City because the exception of prescription was not timely filed in the trial court. Appellant further argues that it is now too late for the exception to be filed in this court under La.C.C.P. art. 2163.
Beginning with the premise that on the merits the exception should be maintained, we first note that if we were to grant appellant a rehearing, the matter would be open anew before this court on appeal. The City, under La.C.C.P. Art. 2163, could then timely file an exception of prescription. The exception then would be maintained, nothing having been gained except, perhaps, some procedural integrity.
As to the timeliness of the original filing of the exception, we agree with appellant that the exception was not filed "prior to submission" in the trial court. If plaintiff had objected we believe the trial court would not have considered the exception because it was untimely. The trial judge apparently considered that plaintiff waived any objection of untimeliness by the failure to so object. This apparent waiver was reinforced when plaintiff filed a motion for a new trial and participated in the hearing on the exception and the motion for new trial without objecting to the timeliness of the exception. The trial court, confronted with the exception and subsequently filed motions for a new trial from both plaintiff and the City, conducted a hearing and after due consideration rendered judgment denying the motions for a new trial and maintaining the exception of prescription.
The City, having been granted a judgment dismissing the suit against it, did not appeal and had no reason to believe that it was required to re-file the exception of prescription again in this court, which the City had the right to do under La.C.C.P. Art. 2163. On appeal, appellant again failed to urge, either in brief or on oral argument, the issue of the original untimeliness of the filing of the City's exception.
Assuming, arguendo, that the trial court may have erred in considering the exception, the judgment on the merits of the exception is correct. This court has the statutory authority to "render any judgment *432 which is just, legal, and proper upon the record on appeal." La.C.C.P. Art. 2164. When the review of a record clearly indicates that the judgment of the lower court is correct and that justice has been done, that judgment will not be overturned because of an error which did not affect the merits. Creevy v. Cummings, 3 La.Ann. 163 (1848); Johnson v. Petit, 236 So.2d 304 (La.App. 4th Cir.1970); Shows v. Williamson, 256 So.2d 688 (La.App. 2d Cir.1972), writ refused 261 La. 231, 259 So.2d 76 (La. 1972); Naquin v. Maryland Casualty Company, 311 So.2d 48 (La.App. 3d Cir.1975), writ refused 313 So.2d 598 (La.1975); Coignet v. Deubert, 413 So.2d 253 (La.App. 4th Cir.1982).
REHEARING DENIED.