SCHOTT, Judge
Plaintiff has appealed the dismissal of her petition to interdict defendant, Verna Judlin Haggerty. On the day of trial plaintiff offered the testimony of defendant’s physician and the Director of Nurses and a social worker employed by a nursing home where defendant had resided. This testimony was excluded by the trial court as privileged. Plaintiff moved for a continuance and for the appointment of an expert to examine defendant and the court denied these motions. The issues are whether 1) the defendant in an interdiction proceeding is entitled to invoke the privilege provided by LSA-R.S. 13:3734; 2) defendant waived the privilege by the actions of an appointed attorney and later of her own attorney; 3) the trial judge abused his discretion in re *68 fusing the continuance; and 4) the trial court erred in refusing to appoint an expert to examine the defendant pursuant to C.C.P. Art. 4547.
R.S. 13:3734 provides that in civil cases a patient has a privilege to prevent a health care provider from disclosing any communication relating to any fact, statement or opinion necessary to enable the provider to diagnose or treat the patient. The statute specifically provides for exceptions, but interdiction proceedings are not among these. Dawes v. Dawes, 454 So 2d 311 (La.App. 4th Cir.1984) relied upon by plaintiff is distinguishable. There the court held that the legislature had provided an additional exception from the privilege of R.S. 13:3734 B by enacting the joint custody provisions of C.C. Art. 146. We hold that a defendant in an interdiction proceeding is entitled to invoke the privilege.
Plaintiff contends defendant waived the privilege first, when an attorney, initially appointed by the court to represent her, failed to object to a deposition taken by • plaintiff of her treating physician; and second, when her private attorney took the deposition of a physician in Texas where defendant had established residence.
The petition was filed on April 27, 1984 and served personally on defendant on May 29. On June 18, on motion of plaintiff, the court appointed an attorney to represent defendant, and on June 25 this attorney filed an answer containing a general denial. On July 10 plaintiff's attorney took the deposition of defendant’s physicians without any objection from the appointed attorney. The case was originally scheduled for trial on July 31 and in connection therewith plaintiff subpoenaed defendant’s medical records from a nursing home and a hospital. However, on July 27 defendant moved to continue the case and represented that she had employed her own attorney and that she was now residing in Texas. The court continued the case. On November 16 defendant’s counsel took the deposition of her physician in Texas.
Plaintiff’s argument that defendant waived the privilege when the appointed attorney failed to object to the deposition of defendant’s physicians has no merit. C.C.P. Art. 5093’s stipulation that an attorney appointed to represent a defendant may not waive any defense is broad enough to include the privilege under discussion. However, plaintiff contends that when defendant, through her own private counsel, took the deposition in Texas of her own physician a waiver of the privilege occurred.
When defendant’s counsel entered this case some time after its commencement, plaintiff had already taken the deposition of defendant’s physicians and had subpoenaed her medical records for the trial. We accept counsel’s explanation that he intended to invoke his client’s privilege but in an abundance of caution took the deposition to protect his client in the event the trial court ruled the privilege did not apply to plaintiff’s witnesses. Under these circumstances we hold defendant did not waive the privilege.
The case came up for trial on December 13. Plaintiff had subpoenaed the two physicians who had treated defendant, her medical records, and the two nursing home personnel. However, when the case was called the trial court declared that plaintiff could not put on the medical evidence because of defendant’s privilege. Furthermore, plaintiff herself was not permitted to testify because her name was not included in a list of witnesses her attorney furnished in response to interrogatories propounded by defendant’s counsel in September. Plaintiff's attorney moved the court to continue the case and to appoint an expert to examine defendant, but the court denied both motions.
C.C.P. art. 4547 provides that the trial court may appoint an expert to examine the defendant in interdiction proceedings and report on her condition. However, it further provides that when the defendant is outside the state the judge shall appoint such an expert. Since defendant was in Texas at the time of plain *69 tiff’s request the court was obliged to appoint an expert in compliance with the law.
However, the trial judge denied the request because it came too late — at a time when the case was supposed to be ready for trial and some eight months after plaintiff filed her petition. In his brief, defendant’s counsel argues that “plaintiff’s failure to predict that defendant would claim the evidentiary privilege provided her by statutory law is absolutely no grounds for questioning the District Court’s discretion in denying additional discovery or the appointment of experts after a case has already been called for trial.”
We reached the conclusion that defendant’s counsel’s taking the Texas physician’s deposition did not constitute a waiver of his client’s privilege because he could not predict the trial court’s ruling on the admissibility of plaintiff’s medical evidence. By the same token plaintiff should not be penalized for her failure to predict the court’s ruling by denying her the chance of producing other evidence. Only plaintiff’s counsel knows what his proffered medical evidence would disclose, but we must assume it would have established a prima facie case for interdiction, otherwise he would not have indicated his readiness to go to trial. We must further assume that he saw no need for invoking C.C.P. Art. 4547 until he learned his evidence would not be accepted. The article does not provide any time limitations upon the right of a party to invoke it or upon the court’s duty to follow it. Indeed, it does not oblige the party to invoke it at all. It simply mandates the trial judge to appoint such an expert when he finds the defendant is outside the state.
We recognize that the trial judge was placed in a position where, by being obliged to appoint the expert, he was being forced to continue the case. We also recognize that the trial court has great discretion in the matter of continuances under C.C.P. Art. 1601. We are reluctant to set aside orders concerning continuances because we are keenly aware of the difficulties involved in scheduling cases and moving the trial court’s docket. However, in view of the trial court’s duty to have defendant examined before he could dismiss the case, and our own conclusion that a continuance was warranted by the circumstances and in the interests of justice, we have further concluded that the trial judge erred in dismissing plaintiff’s case.
Accordingly, the judgment, insofar as it dismisses plaintiff’s case, is vacated and set aside. The case is remanded to the trial court for further proceedings. Defendant is to bear all costs of the appeal with the assessment of other costs to await the outcome of the case.
JUDGMENT VACATED, CASE REMANDED.