BYRNES, Judge.
Plaintiff-appellant, Dr. Sandra M. Hunter, appeals the trial court’s judgment denying her claim for damages against David and Joanne Whitney. We find no merit to the assignments of error and affirm.
FACTS
Around 1:00 a.m., on November 11,1982, Dr. Hunter was assaulted and raped by an armed intruder in her home located on Esplanade Avenue in New Orleans. A police investigation failed to establish the point of entry, but noted that the rear kitchen door was unlocked and may have been used by the assailant.
The house was owned by the Whitneys and leased to Dr. Hunter. The Whitneys had renovated the property in 1978. At that time David Whitney personally installed an alarm system which protected all doors and windows. Sometime in late October of 1982, Dr. Hunter discovered that she could not “arm” the alarm and sent a note mentioning this malfunction to the Whitneys with her November rent. Subsequently, David Whitney checked the system on November 10, 1982, and found that the wiring had been gnawed in half. He told Dr. Hunter that he did not have the necessary equipment to repair the system and would return in two days. Dr. Hunter responded “no sweat”. The assault oc-cured later that same night.
As a result of the attack, Dr. Hunter claims to have suffered physically and emotionally. She has undergone long term psychological therapy and alleges that her career as an author, researcher, and professor was negatively impacted. Suit was filed against the Whitneys seeking damages for their alleged negligence. A jury trial was held, resulting in a verdict finding the Whitneys free of negligence. This appeal followed.
ASSIGNMENTS OF ERROR 1 & 2
By her first and second assignment of error, Dr. Hunter alleges that the trial court improperly limited the testimony of Dr. Hunter’s expert witness. We disagree.
Dr. Hunter’s expert, Jerry Martinez, was qualified in the field of alarm systems and their installation. On January 9, 1986, Martinez inspected the alarm system at the Esplanade residence in preparation for trial. The purpose of this inspection and subsequent expert testimony was to establish that David Whitney had used the wrong type of wire when he installed the alarm system in 1978. When counsel for Dr. Hunter attempted to explore this *1251 line of testimony with the expert, the following exchange took place:
PLAINTIFF: Can you explain to the jury what a twenty-four gauge wire is and how it is gauged numerically?
EXPERT: Gauged by the sizes of the wire of conductor inside and twenty-four has been wire designed for short runs. Ideal for stereo speakers. The industry as a whole wants you to use a twenty-two gauge.
DEFENSE: Objection. There’s no foundation for what the industry recommends.
THE COURT: Sustained.
We find no error in the trial court’s ruling on this objection. The transcript shows that prior to responding to this question, the expert had not testified as to his knowledge of standards in the alarm industry or given the factual basis for his expert opinion as to which guage of wire the alarm industry recommends. Under these circumstances, the objection was properly sustained. See: R.S. 15:465; Dixie Pipeline Company v. Barry, 227 So.2d 1 (La.App. 3rd Cir.1969), writ refused 229 So.2d 731 (La.1970).
Dr. Hunter also alleges that the trial court erred in sustaining defense objections to questions seeking the expert’s knowledge of which type of wire the local alarm industry customarily used in the installation of burglar alarms. While the responses to these questions may have been admissible, we note that the expert was permitted to give this information elsewhere in his testimony. Thus any error which may have resulted from the trial court’s rulings appears to be harmless. Johnson v. Morris, 431 So.2d 429 (La.App. 4th Cir.1983), writ denied 437 So.2d 1151 (La.1983).[1]
ASSIGNMENT OF ERROR No. 3
By Dr. Hunter’s third assignment of error she alleges that the trial court erroneously instructed the jury regarding the testimony of her expert. We disagree. The instruction at issue was given after counsel for Dr. Hunter asked the expert if the type of wire which he had recovered from the Esplanade premises was used by the local burglar alarm industry in the installation of burglar alarms. When defense counsel objected to this question the trial court responded:
“I’m going to let him answer and instruct the jury if the facts that substantiate the expert opinion is [sic] not proven that they can disregard the opinion entirely.”
We find no error in this instruction. The trial court correctly instructed the jury that the expert’s opinion must be based on fact to be given any weight. Without a factual basis, an expert’s opinion lacks all probative value. The trial court’s instruction merely set forth this basic premise of law.
ASSIGNMENT, OF ERROR NO. 4
By Dr. Hunter’s last assignment of error she contends that the trial court erred in refusing to allow into evidence (Section) 4-A of City of New Orleans Ordinance Number 828. The relevant parts of this ordinance, as amended on November 20, 1980, required certification of existing alarm systems and prohibited the use of uncertified alarm equipment. The ordinance also required that the owners of existing alarm systems obtain certification of the system by a person licensed under the ordinance by July 1, 1982. Dr. Hunter claims that the trial court’s erroneous refusal to allow this ordinance into evidence precluded her from establishing negligence per se. We disagree.
Our review of the ordinance, reveals that it does provide criteria for certification. It does not state how an alarm system should be installed, how it is to be inspected, or what defects, if any, the inspection is intended to detect or avoid. The ordinance was offered to show that the Whitneys had negligently installed their alarm system, yet it provides no standards for determining whether the system was improperly *1252 installed. In short, the ordinance is so vague and incomplete, that proving a violation of its provisions would have had little, if any, probative value on the issue of negligence. In our opinion, the trial court correctly refused the introduction of this ordinance into evidence.
For the above reasons, judgment of the trial court is affirmed with costs of this appeal assessed to Dr. Hunter.
AFFIRMED

. Parenthetically, we note that Martinez’s testimony that the wire in the system was twenty-four gauge was contradicted by the testimony of John McDavitt who re-wired the system shortly after the incident. McDavitt stated that the wire he removed was twenty-two gauge.