WILLIAMS, Judge.
A judgment of interdiction was entered against Verna Judlin Haggerty. Mrs. Hag-gerty appeals.
On April 27, 1984, Delta Clements, a neighbor of Mrs. Haggerty, filed a petition for interdiction. The petition alleged that due to advanced age, physical and mental condition, Mrs. Haggerty is incapable of caring for herself and her estate. At the time the petition for interdiction was filed, Mrs. Haggerty was domiciled in Algiers, Louisiana and living in Harvey, Louisiana at the Manhattan Manor Nursing Home.
Subsequent to the filing of the petition, Mrs. Haggerty moved to Galveston, Texas to live with her niece, Patricia May Bos-worth. Mrs. Haggerty has remained in Texas since the summer of 1984.
In December of 1984, Clements’ suit was dismissed. She appealed, this court vacated the judgment and remanded the matter to the trial court on the basis that Article 4547 of the Louisiana Code of Civil Procedure, requires the trial judge to appoint an expert to examine Mrs. Haggerty prior to acting on the petition for interdiction. Interdiction of Haggerty, 485 So.2d 67 (La.App. 4th Cir.1985).
Following the appeal, the trial judge signed an order of examination requiring that Mrs. Haggerty be examined by a physician in New Orleans. Mrs. Haggerty’s Motion to Vacate the Order was denied. Additionally, the trial court denied her Motion for Summary Judgment in which she asserted three grounds: (1) the trial court lacked jurisdiction over the matter since Mrs. Haggerty is now a Texas domiciliary, (2) the protections afforded by the Louisiana interdiction have been served since Mrs. Haggerty’s person and estate are being cared for by her niece, and (3) the suit should be dismissed in the interest of judicial economy since the interests sought to be served by interdiction have been resolved.
On August 20, 1986 the trial court entered an order requiring Mrs. Haggerty to return to New Orleans to be examined by Dr. Geraldine Seastrunk Payne. The court was advised that Mrs. Haggerty was not prepared to travel to New Orleans for an examination. On February 13, 1987, without the examination and upon Clements’ Motion to Enter Judgment of Interdiction, judgment was entered.
As evidenced by the above recited facts, there has never been an examination of Mrs. Haggerty as ordered by the trial court. Consequently, the trial court made its determination based on the fact that Mrs. Haggerty was either unable or unwilling to travel to New Orleans for the ordered examination.
A petition for interdiction coupled with the fact that Mrs. Haggerty did not travel to New Orleans for the scheduled examination does not lead to the conclusion that she is a candidate for interdiction.
Interdiction is a harsh remedy. A judgment of interdiction amounts to civil death, it is a declaration that the interdict is incapable of caring for herself or her estate. Doll v. Doll, 156 So.2d 275 (La.App. 4th Cir.1963). To allow a judgment of interdiction to stand on the basis of a petition and a failed examination would be erroneous since neither of these indicate *870 that she is incapable of caring for herself or her estate. To afford the proposed interdict a fair and measured determination the petitioner must show that Mrs. Haggerty is incapable of administering her estate and unable to care for herself. Additionally, it must be shown that there is a necessity for interdiction. See Franke v. His Wife, 29 La.Ann. 302 (La.1877); In re Adams, 209 So.2d 363 (La.App. 4th Cir. 1968); Interdiction of White, 463 So.2d 53 (La.App. 3d Cir.1985). We find that the trial court erred in entering the judgment without sufficient basis.
This court notes that Mrs. Haggerty is 92 years old. Without making a judgment as to the actual physical or mental capabilities of Mrs. Haggerty, we find that to force a person of such advanced age to travel to New Orleans from Galveston, Texas for the purpose of a medical examination amounts to undue hardship.
During oral argument Mrs. Haggerty’s attorney agreed to an examination of Mrs. Haggerty in Texas. We, therefore, order the trial court to arrange for an expert to examine Mrs. Haggerty in Galveston, Texas to determine whether she is incapable of administering her estate or caring for herself. If the court should determine that Mrs. Haggerty lacks the necessary capacity then the court must determine whether interdiction is actually necessary in light of the care she is now receiving.
If after reviewing the examination report and considering the necessity for interdiction, the trial judge determines interdiction is appropriate, the court must appoint a curator pursuant to the provisions of Article 4550 of the Louisiana Code of Civil Procedure.
For the foregoing reasons the judgment of the trial court is vacated and the matter is remanded for action consistent with this opinion.
JUDGMENT VACATED AND CASE REMANDED.