DOUCET, Judge.
This is an appeal from a jury verdict finding no liability on the part of the individual defendants in connection with the injuries allegedly incurred by the plaintiff, William Dugas, and the trial judge’s decision finding the same with regard to the St. Martin Parish School Board.
The plaintiff’s and defendants’ versions of the incident which resulted in the injury are so different as to be insusceptible of reconciliation. The plaintiff alleges that on the morning of September 29, 1987, he went to the school bus stop with his children in order to discuss with the driver, *1373 defendant Judy Frederick, the fact she had left his five year old daughter at school the previous afternoon. Both he and his wife testified that when Dugas put his foot on the first step of the bus, Frederick shut the bus door, trapping Dugas half in and half out of the bus. They allege that she then drove off, dragging him some distance down the road.
As a result, Dugas sued Frederick, her supervisor, Lindsay Landry, and the St. Martin Parish School Board. The plaintiff later filed a motion for summary judgment seeking to have dismissed the defendants’ allegations of self-defense. The motion was denied. A trial by jury was held on November 13-17, 1989.
At trial, the defendants presented a completely different picture of the incident. Frederick testified that when she stopped to pick up the Dugas children, Dugas pushed the door open and boarded the bus. He stood on the first or second step and screamed, cursed, and threatened her. When he refused to leave the bus at her request, she continued her route. Halfway to the next stop, which was only a short distance down the road, she again stopped and asked him to get off. She stated that at that point, Dugas got up close to her face and continued cursing her. She started the bus again. According to Frederick, at some point before the next stop, Dugas turned and stepped off the bus of his own accord.
This version of the incident was corroborated by the testimony of the children on the bus. Further, all the bus passenger witnesses, including those who testified for the plaintiff, testified that during the incident they could see Dugas’ head above the partition which divided the steps from the passenger section of the bus. Stephen Kill-ingsworth, who was qualified as an expert in the field of mechanical engineering, testified that Dugas’ head would not have been visible above the partition if the incident had occurred as Dugas described.
At the completion of trial, the jury returned a verdict indicating that Frederick was not at fault in the accident. The judge decided that no liability existed on the part of the St. Martin Parish School Board. Plaintiff appeals citing fourteen assignments of error. We affirm.
Seven of the assignments deal with the question of whether the verdict should be overturned as an abuse of the jury’s discretion. This is essentially an appeal of the factual conclusions of the jury. The outcome turned on which story the jury chose to believe.
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring, 283 So.2d 716, 724 (La.1973). See also, Sevier v. United States Fidelity & Guaranty Co., 497 So.2d 1380, 1383 (La.1986); West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1150 (La.1979); Davis v. Owen, 368 So.2d 1052, 1056 (La.1979); Cadiere v. West Gibson Products Co., 364 So.2d 998, 999 (La.1978); A. Tate, “Manifest Error” Further observations on appellate review of facts in Louisiana civil cases, 22 La. L.Rev. 605, 611 (1962). The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Arceneaux, supra at 1333, Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). In applying the manifestly erroneous — clearly wrong standard to the *1374 findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo.2 See, F. Maraist, The Work of the Louisiana Appellate Courts for the 1978-1979 Term — A Faculty Symposium, Civil Procedure, 40 La.L.Rev. 761, 764 (1980); Comment, Appellate Review of Facts in Louisiana Civil Cases, 21 La.L.Rev. 402, 412 (1961); Cf. Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979). Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. See, Wilson v. Jacobs, 438 So.2d 1119 (La.App. 2d Cir.1982), writ denied, 443 So.2d 586 (La.1983). Cf. State v. Mussall, 523 So.2d 1305 (La.1988); Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); U.S. v. U.S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. See, Jackson v. Tate, 428 So.2d 882, 884 (La.App. 1st Cir.1983), citing McDonald v. Book, 215 So.2d 394 (La.App. 3d Cir.1968), overuled on other grounds, Celestine v. Hub City Motors, Inc., 327 So.2d 700 (La.App. 3d Cir.1976). Cf. Anderson, supra, 470 U.S. at 575, 105 S.Ct. at 1512; Schexnider v. McDermott International Inc., 868 F.2d 717, 720 (5th Cir.1989); Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc., 866 F.2d 752, 770 (5th Cir.1989); U.S. v. Hibernia National Bank, 841 F.2d 592, 595 (5th Cir.1988); Hanson v. Veterans Administration, 800 F.2d 1381, 1388 (5th Cir.1986). (footnotes omitted)
Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989), on remand, 558 So.2d 1360 (La.App. 4th Cir.1990), writ denied, 561 So.2d 105 (La.1990).
After reviewing the record in its entirety, we find more than adequate support, based on reasonable evaluations of credibility and reasonable inferences of fact, for the jury’s conclusion that the injury to Dugas, if any, was not the fault of Judy Frederick. The defendants’ version of events is neither implausible nor inconsistent on its face. The jury apparently accepted Frederick’s testimony that after refusing to depart from the bus while it was stopped, Dugas turned and stepped off the moving bus of his own accord. Frederick’s testimony on this point was backed up by that of the student passengers and the expert testimony of Kill-ingsworth. Applying a duty-risk analysis to the facts as accepted by the jury, we find no breach of any duty owed to Dugas. He was given the opportunity to depart the bus safely and did not. In spite of the fact that another stop was approaching, Dugas chose to step off a moving vehicle. Accordingly, we cannot say that the jury verdict as to liability was manifestly erroneous.
Six of the plaintiff’s remaining assignments of error concern evidence which he *1375 contends should have been excluded. By his seventh remaining assignment of error, he argues that the trial judge should have granted his motion for partial summary judgment or limited the issues at trial to exclude any use of a self-defense argument by the defendants. However, after reviewing the record, we conclude that outcome would have been no different had the evidence concerned been excluded or the partial summary judgment been granted. Even had the questioned matters been excluded, sufficient evidence existed to support a conclusion, upon the reasonable credibility evaluation by the jury, that the accident happened as described by Frederick.
“When the review of a record clearly indicates that the judgment of the lower court is correct and that justice has been done, that judgment will not be overturned because of an error which did not affect the merits. Creevy v. Cummings, 3 La.Ann. 163 (1848); Johnson v. Petit, 236 So.2d 304 (La.App. 4th Cir.1970); Shows v. Williamson, 256 So.2d 688 (La.App. 2d Cir.1972), writ refused 261 La. 231, 259 So.2d 76 (La.1972); Naquin v. Maryland Casualty Company, 311 So.2d 48 (La.App. 3d Cir.1975), writ refused 313 So.2d 598 (La.1975); Coignet v. Deubert, 413 So.2d 253 (La.App. 4th Cir.1982).”
Johnson v. Morris, 431 So.2d 429, 432 (La.App. 4th Cir.), writ den., 437 So.2d 1151 (La.1983). See also Jackson v. Ed’s Cab Company, 333 So.2d 701 (La.App. 4th Cir.1976), writ refused, 337 So.2d 877 (La.1976)
Accordingly, the judgment of the trial court is affirmed. Costs are assessed to the plaintiff-appellant.
AFFIRMED.