MADELEINE M. LANDRIEU, Judge.
| j Barbara Jean Parnell and Patti Jayne Parnell appeal the district court’s judgment that ordered the limited interdiction of their mother, Velma Agnes Buras Parnell, and appointed their sister, Sheryl Lynn Parnell Boraski, as curatrix and their brother, Dr. Melvin Lloyd Parnell, Jr. as under-curator of the interdict. For the reasons that follow, we vacate the judgment and remand the matter to the district court.
FACTS AND PROCEEDINGS BELOW
Ms. Boraski instituted this action on October 17, 2012 by filing a petition in civil district court seeking limited interdiction of her then 89-year-old mother, who allegedly is incapable of making financial and/or medical decisions for herself. The petitioner prayed that she be appointed cura-trix of her mother and that her brother, Dr. Melvin Parnell, be appointed under curator. The record reflects that Velma Parnell and her longtime attorney, Bernard Bagert, were served with the petition, as were Ms. Boraski’s two sisters, Barbara and Patti Parnell. Neither sister appeared or intervened in the trial court. Mr. Bagert did not file an answer |2on behalf of Velma Parnell. However, he appeared in court on a motion hearing and stated on the record that he was representing Velma Parnell in this interdiction suit.[1]
*691 On March 26, 2013 the district court issued an Order appointing Dr. Sidney K. Smith, III, a specialist in geriatric psychiatry, to examine Velma Parnell and to “submit a report under oath to this court as to the defendant’s mental condition.” In this report dated May 6, 2013,[2] Dr. Smith explains the components of his evaluation of Velma Parnell and the basis for his conclusion that Mrs. Parnell is unable to manage her affairs and would benefit from a guardian. On May 30, 2013, the district court rendered judgment ordering that, considering the pleadings and the report of Dr. Smith, Velma Parnell “is interdicted, on a limited basis, and declared to be afflicted with an infirmity that prevents her from consistently making reasonable decisions regarding the care of her person and property.” The judgment further provides that the defendant’s interdiction “is limited to her medical and financial decisions.” Finally, in the judgment the district court appoints Ms. Boraski as cura-trix of her mother and Dr. Melvin Parnell as under-curator, and orders that a notary public take an inventory of the property of the interdict and that the clerk of court record the judgment in the conveyance records.
|thereafter, Ms. Boraski filed a “Detailed Descriptive List” of the property of Velma Parnell and was issued letters of curatorship. On July 10, 2013, attorneys for Barbara Parnell and Patti Parnell enrolled as counsel of record, and subsequently filed a timely motion for appeal of district court’s May 30, 2013 judgment.
ISSUE
The appellants raise only one issue: that it was legally improper for the trial court to have rendered a judgment of interdiction without first conducting a contradictory hearing. In response to this assignment of error, the appellee asserts that a hearing was not required in this case because there was no opposition, noting that the appellants neither intervened in the proceedings nor filed anything in the trial court to oppose the interdiction, and did not file a motion for new trial.
DISCUSSION
We first note that the appellants, despite the fact that they are not parties nor have they intervened in this action, have standing to file this appeal pursuant to Louisiana Code of Civil Procedure article 2086, which provides: “a person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.”
The appellants’ contention that a contradictory hearing is required before a judgment of interdiction may be issued is well-founded. Louisiana Code of Civil Procedure article states:
An interdiction proceeding shall be heard summarily and by preference. The defendant has a right to be present at the hearing and |4the court shall not conduct the hearing in his absence, unless the court determines that good cause exists to do so. The defendant has the right to present evidence, to testify, to cross-examine witnesses, and to otherwise participate at the hearing. If the defendant is unable to come to the courthouse for the hearing, the judge may hold the hearing where the defendant is located. The hearing may be *692 closed for good cause. The court may call witnesses not called by the parties and may require the presence of a proposed curator.
The use of the word “shall,” as well as the entire context of the above-quoted article, clearly indicates that the trial court is required to conduct a hearing before rendering a judgment of interdiction. Longstanding jurisprudence concurs in this view:
Because interdiction is such a harsh remedy, it may be declared only after a contradictory trial, at which the defendant is given the opportunity to cross examine the adverse witnesses. Stafford v. Stafford, 1 Mart.(n.s.) 551, 552-53 (1823); LSA-C.C. art. 393; LSA-C.C.P. art. 4547.
Julius Cohen Jeweler, Inc. v. Succession of Jumonville, 506 So.2d 535, 539 (La.App. 1st Cir.1987).
The appellee cites one case in support of her argument that we should affirm the judgment of interdiction. In that case, Johnson v. Morris, 431 So.2d 429, 431-32 (La.App. 4th Cir.1983), this court indicated that a judgment should not be overturned due to a procedural error that did not affect the merits, if the record clearly indicates that the trial court’s judgment was correct and that justice has been done. The case before us is clearly distinguishable from Johnson v. Morris, which did not concern an interdiction.[3] As we have previously noted:
Interdiction is a harsh remedy. A judgment of interdiction amounts to civil death, it is a declaration that the interdict is incapable of caring | Tor herself or her estate. Doll v. Doll, 156 So.2d 275 (La.App. 4th Cir.1963).
Interdiction of Haggerty, 519 So.2d 868, 869 (La.App. 4th Cir.1988). In view of the special nature of an interdiction proceeding, which has its own set of rules carved out in the Code of Civil procedure, we conclude that strict compliance with these articles is warranted. Therefore, we hold that the trial court’s failure to conduct a hearing prior to rendering its judgment of interdiction is a legal error mandating that the judgment be vacated. In so holding, we do not address the merits of the judgment.
DECREE
Accordingly, for the reasons stated, we vacate the judgment of the trial court and remand the matter for a contradictory hearing in accordance with Article 4547 of the Code of Civil Procedure.
VACATED AND REMANDED.

. The hearing, held on January 3, 2013, concerned a rule for contempt by which Ms. *691 Boraski sought to have her two sisters, Barbara Parnell and Patti Parnell, held in contempt for failing to comply with subpoenas to appear for their depositions. The transcript reflects that Mr. Bagert informed the court that he was representing the defendant, Yei-ma Parnell, on the interdiction, and he was representing Barbara and Patti Parnell for purposes of the contempt rule only.

. The report is not in the form of an affidavit.

. In Johnson v. Morris the appellate court found that the trial court had erred by considering an exception of prescription filed in the trial court by the defendant after the defendant had been cast in judgment but before the appeal had been filed. Finding the error to be harmless, however, the appellate court affirmed the granting of the exception.